

**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

www.atf.gov

November 24, 2021                                                    REFER TO:  2021-0245

VIA Email:  stephen@sdslaw.us

Dear Mr. Stamboulieh:

This responds to your Freedom of Information Act (FOIA) request dated February 22, 2021, and received by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on the same day, in which you requested records concerning the following:

1. Any and all records and/or policies regarding submission samples (for example, including but not limited to, documents and records referencing how submission samples are prioritized, documents and records referencing the maximum amount of days that agency has to provide a response/answer to the submitted sample, documents and records regarding responsibilities and/or obligations to respond to inquiries from licensees;

2. Any and all records regarding submission samples over fifteen (15) months old from today's date; and

3. Any and all records regarding the failure to respond to industry submission samples and the impact on the enforcement of the NFA and GCA.

This is a rolling production.  This is <u>Release Number One</u>.  In response to your request, we have processed a total of 390 pages of responsive material.   ATF expects to make the next rolling production within the next 30 to 45 days.

You have requested tax return information that is not related to you.  This information is exempt from disclosure pursuant to Exemption (b)(3) of the FOIA and 26 U.S.C. § 6103 of the Internal Revenue Code.

Exemption (b)(3) of the FOIA permits the withholding of information prohibited from disclosure by another statute only if one of two disjunctive requirements are met:  the statute either (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of

Mr. Stephen Stamboulieh

matters to be withheld.  Thus, a statute falls within the exemption's coverage if it satisfies any one of its disjunctive requirements.

26 U.S.C. § 6103 governs the disclosure of tax returns and tax return information collected under the Internal Revenue Code.  Under the Internal Revenue Code, information qualifying as tax return information, which includes but is not limited to a Taxpayer's identity, the nature, source or amount of his income, and deductions/exemptions, is prohibited from disclosure to any party not entitled to receive it under the permissible disclosures outlined in § 6103.  Since the 26 U.S.C. § 6103 restrictions satisfy all the requirements of FOIA Exemption (b)(3), I am withholding the tax return data pursuant to 5 U.S.C. § 552 (b)(3) and 26 U.S.C. § 6103 of the Internal Revenue Code.

We are withholding confidential business information under FOIA Exemption (b)(4).  FOIA Exemption (b)(4), which concerns trade secrets and commercial or financial information obtained from a person that is privileged or confidential.  This exemption protects the interests of both the government and submitters of information.  Commercial or financial matters are "confidential" if the kind of information provided voluntarily to the government is not customarily released to the public by the submitter, is likely to impair the government's ability to obtain necessary information in the future, or is likely to cause substantial competitive harm to the submitter (5 U.S.C. § 552(b)(4)).

We are withholding third party information, including the names of ATF employees, under FOIA Exemption (b)(6).  To disclose personal information about a living individual to a member of the public, we need the written consent from the persons whose information you requested.  Without written consent, proof of death, or an overriding public interest, personal information is exempt from disclosure under the FOIA.  The FOIA does not require agencies to disclose information that would constitute a clearly unwarranted invasion of the personal privacy of third parties (5 U.S.C. § 552(b)(6)).

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  *See* 5 U.S.C. § 552(c).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaisons, Darryl Webb or Zina Kornegay, at (202) 648-7390, for any further assistance and to discuss any aspect of your request.  Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

-3-

Mr. Stephen Stamboulieh

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Adam C. Siple
Chief
Information and Privacy Governance Division

Enclosure



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

www.atf.gov

April 14, 2022                                                                                                    REFER TO:  2021-0245

<u>VIA Email:  stephen@sdslaw.us</u>

Dear Mr. Stamboulieh:

This responds to your Freedom of Information Act (FOIA) request dated February 22, 2021, and received by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on the same day, in which you requested records concerning the following:

1. Any and all records and/or policies regarding submission samples (for example, including but not limited to, documents and records referencing how submission samples are prioritized, documents and records referencing the maximum amount of days that agency has to provide a response/answer to the submitted sample, documents and records regarding responsibilities and/or obligations to respond to inquiries from licensees;

2. Any and all records regarding submission samples over fifteen (15) months old from today's date; and

3. Any and all records regarding the failure to respond to industry submission samples and the impact on the enforcement of the NFA and GCA.

This is a rolling production.  This is <u>Release Number Two</u>.  In response to your request, we have processed a total of 131 pages of responsive material.

We are withholding deliberative materials in the records you requested under FOIA Exemption (b)(5).  FOIA Exemption 5 permits the withholding of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  FOIA Exemption 5 protects advice, opinions, recommendations, predecisional discussion, and evaluative remarks that are part of the government decision-making process.  Release of such predecisional advisory communications would harm the quality of agency decision-making and the policy of encouraging frank, open discussion among agency personnel before making a decision (5 U.S.C. §552 (b)(5)).

-2-

Mr. Stephen Stamboulieh

The most commonly invoked privilege within Exemption 5 is the deliberative process privilege. The general purposes of this privilege are to prevent injury to the quality of agency decisions and to protect government agencies' decision-making processes.  The deliberative process privilege allows agencies to freely explore alternative avenues of action and to engage in internal debates without fear of public scrutiny (Missouri ex rel. Shorr v. United States Army Corps of Engineers, 147 F.3d 708, 710 (8th Cir. 1998)).  Exemption 5 protects not merely documents, but also the integrity of the deliberative process itself, where the exposure of that process could result in harm.

We are withholding third party information, including the names of ATF employees, under FOIA Exemption (b)(6).  To disclose personal information about a living individual to a member of the public, we need the written consent from the persons whose information you requested.  Without written consent, proof of death, or an overriding public interest, personal information is exempt from disclosure under the FOIA.  The FOIA does not require agencies to disclose information that would constitute a clearly unwarranted invasion of the personal privacy of third parties (5 U.S.C. § 552(b)(6)).

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  *See* 5 U.S.C. § 552(c).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

 If you have any questions, you may contact Assistant United States Attorney Stephanie Johnson at SJohnson4@usa.doj.gov.

                              Sincerely,

                              Adam C. Siple
                              Chief
                Information and Privacy Governance Division

Enclosure