IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| **MOREHOUSE ENTERPRISES LLC d/b/a** ) <br> **BRIDGE CITY ORDNANCE** *et al.*, ) <br>  ) <br> **Plaintiffs,** ) <br>  ) <br> v. ) <br>  ) <br> **BUREAU OF ALCOHOL, TOBACCO,** ) <br> **FIREARMS AND EXPLOSIVES** *et al.*, ) <br>  ) <br> **Defendants.** ) <br>  ) | **Civil Action No. 3:22-cv-00116-PDW** |

### DEFENDANTS' MOTION FOR EXTENSION OF TIME

Defendants respectfully move for a 16-day extension of time until August 24, 2022, to respond to Plaintiff's motion for preliminary injunction. In support of this motion, Defendants, through undersigned counsel, state the following:

1. Although the case docket reflects that Plaintiffs filed suit on July 4, 2022, they failed to effect service of the complaint in this case—which is more than 150 pages in length—or the summons on the U.S. Attorney's Office until July 25, 2022.

2. Defendants will be significantly prejudiced absent an extension of time. Counsel for Defendants have many substantial work commitments during the next two weeks, including preparing for and traveling to a preliminary injunction hearing on August 9 in a parallel action challenging this Rule, *Division 80 v. Garland*, No. 3:22-cv-00148 (S.D. Tex.), and taking a deposition in the *Division 80* action on August 2. Without an extension of time, Defendants' response will be due on the date that counsel for Defendants are traveling to appear at this out-of-state hearing on the following day.

1

Although Defendants have brought this scheduling conflict to Plaintiffs' attention, Plaintiffs have refused to agree to the requested extension.

3. By contrast, Plaintiffs' timeline for bringing this action, and for filing the motion for a preliminary injunction after initiating the action, both cut strongly against any claim that Plaintiffs would be prejudiced by a reasonable extension of time for Defendants to respond. The Rule being challenged by Plaintiffs in this action was issued in April 2022, and announced that its effective date would be August 24, 2022. 87 Fed. Reg. 24,652, 24,652 (Apr. 26, 2022). Moreover, the notice of proposed rulemaking preceding the Rule was issued more than a year ago. *See* 86 Fed. Reg. 27,720 (May 21, 2021). But despite the fact that the organizational plaintiffs publicly announced in April 2022 that they would be filing this lawsuit,[1] Plaintiffs waited more than three months after the announcement before moving for preliminary injunctive relief in this case. Any purported emergency in this case is thus entirely of Plaintiffs' own making.

4. Such lengthy delay before seeking such relief demonstrates that Plaintiffs will suffer no prejudice—much less imminent irreparable harm—from a modest extension of time. *See Indep.-All. Party of Minnesota v. Simon*, __ F. Supp. 3d __, 2022 WL 1537985, at *7 (D. Minn. May 16, 2022) ("It has long been recognized that delay in seeking relief vitiates much of the force of allegations of irreparable harm.") (citation

---

[1] https://www.gunowners.org/no-compromise-gun-lobby-group-to-challenge-bidens-ghost-gun-rule-in-court/ (quoting Beth Brelie, *"No-Compromise" Gun Lobby Group to Challenge Biden's Ghost Gun Rule in Court*, The Epoch Times (Apr. 29, 2022)). *See also GOA Fighting Biden's Attempt to Expand the Gun Registry*, https://www.gunowners.org/new-rule-to-expand-atf-gun-registry/ (announcing on April 10, 2022, prior to the Rule's issuance, that "[a] lawsuit is in the works" and that "[w]e've known this was coming, since they announced this rule as a proposed rule back in May of 2021").

omitted); *Adventist Health Sys./SunBelt v. U.S. Dep't of Health & Hum. Servs.*, 17 F.4th 793, 805 (8th Cir. 2021) ("Without question, a long delay by plaintiff after learning of the threatened harm may be taken as an indication that the harm would not be serious enough to justify a preliminary injunction.") (citations and internal punctuation omitted).

5. By contrast, the plaintiff in the parallel Texas case filed suit less than two weeks after the Rule was issued and moved for preliminary injunctive relief nearly two months ago. *See Division 80 v. Garland*, No. 3:22-cv-00148, ECF Nos. 1 (Compl., May 9, 2022), 11 (Emergency Mot. for Prelim. Injunction, June 6, 2022).

6. Moreover, the parties in the parallel Texas case allowed Defendants 25 days for Defendants to respond to the preliminary injunction motion filed in that case. *See id.*, ECF No. 14 (Order). This extension of time was granted despite the fact that (unlike here) the complaint and summons had been served on Defendants weeks beforehand, and no parallel preliminary injunction proceedings were pending.

7. Defendants also require additional time because they are responding to an overlength brief. Defendants have agreed not to oppose Plaintiffs' motion for leave to file a brief in excess of this Court's page limits, provided that Plaintiffs would agree not to oppose a similar page extension for Defendants' response. Furthermore, because Plaintiffs have filed suit against multiple federal agencies, additional time will be needed to coordinate interagency review of substantive filings. Finally, additional time is required because of the absence of key agency personnel from the office this week and during the month of August.

Defendants therefore respectfully request that the Court grant their motion for a 16-day extension of time, through and including August 24, 2022, to respond to Plaintiffs' motion for preliminary injunction.

Dated: July 25, 2022

                                       Respectfully submitted,

                                       JENNIFER KLEMETSRUD PUHL
                                       United States Attorney

By:   /s/ Melissa Helen Burkland
        MELISSA HELEN BURKLAND
        Assistant United States Attorney
        WI Bar ID 1071443
        655 First Avenue North, Suite 250
        Fargo, ND  58102-4932
        (701) 297-7400
        melissa.burkland@usdoj.gov
        Attorney for United States

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        ALEXANDER K. HAAS
        Director, Federal Programs Branch

        LESLEY FARBY
        Assistant Director, Federal Programs Branch

        DANIEL RIESS
        Trial Attorney
        Civil Division, Federal Programs Branch
        U.S. Department of Justice
        1100 L Street, NW
        Washington, DC 20005
        Phone: (202) 353-3098
        Email: Daniel.Riess@usdoj.gov
        *Attorneys for Defendants*