IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| MOREHOUSE ENTERPRISES, LLC )<br>d/b/a BRIDGE CITY ORDNANCE, ELIEZER )<br>JIMENEZ, GUN OWNERS OF AMERICA, INC., )<br>and GUN OWNERS FOUNDATION, )<br>                                              )<br>    Plaintiffs, )<br>                                              )<br>    v. )<br>                                              )<br>BUREAU OF ALCOHOL, TOBACCO, )<br>FIREARMS AND EXPLOSIVES; UNITED )<br>STATES DEPARTMENT OF JUSTICE; and )<br>STEVE DETTELBACH, DIRECTOR OF ATF, )<br>                                              )<br>    Defendants. )<br>                                              ) | Case No. 3:22-cv-00116-PDW-ARS |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR EXTENSION OF TIME**

    Come now, Plaintiffs, by and through counsel, and respond in opposition to Defendants' Motion for Extension of Time, and state as follows:

    1. On April 22, 2022, Defendant ATF published the challenged Final Rule in the Federal Register, a shockingly large omnibus enactment consisting of 98 pages of small, compressed text that equates to 364 pages of double-spaced, 12-point type, along with a 141-page Regulatory Impact Analysis, for a total of 505 pages (slightly more than a full ream of paper).

    2. On July 5, 2022, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief (ECF #1) in this Court, consisting of 154 pages and 61 exhibits, which was required to address the numerous legal issues raised by the rulemaking.

1

3.  Yesterday, July 25, 2022, Plaintiffs filed their Motion for Preliminary and/or Permanent Injunction (ECF #14), along with a 27-page memorandum in support (ECF #14-1) and a motion for leave to file excess pages (ECF #13).

4.  Nearly contemporaneously, Defendants filed a Motion for Extension of Time (ECF #15), seeking "a 16-day extension of time until August 24, 2022" in order to respond. In support, Defendants advance a cornucopia of arguments, including (i) that the case allegedly was not fully served until 20 days after filing, (ii) that defense counsel of record has other engagements in the coming weeks, (iii) that Plaintiffs' memorandum is "overlength" by 7 pages, and (iv) that Plaintiffs' complaint and motion allegedly were filed too long after the Final Rule was announced. Plaintiffs address each in turn.

5.  First, Defendants' implication that Plaintiffs were dilatory in serving the Complaint is wholly unfounded. The Complaint was sent to this Court's clerk for filing on July 4, 2022 (a holiday), and was docketed on July 5, 2022, with summons issued on the same date. The Complaint was sent for service on July 13, 2022, to all Defendants plus the United States U.S. Attorney's Office, Civil Process Clerk for the District of Columbia (the office where counsel of record for Defendants is located). *See* Proof of Service, ECF #12. This service was accomplished on July 15, 2022. Then, out of an abundance of caution, Plaintiffs caused an additional copy of the Complaint and Summons to be served (July 25, 2022) on the North Dakota U.S. Attorney's Office, although not specifically required under Rule 4(i)(1)(A)(ii), which provides for service *either* to "to the US Attorney for the district where the action is brought" *or* "to the civil-process clerk at the United States attorney's office."

6.  Either way, agents of the federal government have now been served *six different times* over the past three weeks, and the government can hardly feign surprise about the existence of this case.

7. Second, Defendants can hardly claim to have an insufficient work force with which to respond to Plaintiffs' motion for preliminary injunction within the standard 14 days allotted by D.N.D. Civ. L.R. 7.1(B). Indeed, the Department of Justice is a massive organization, describing itself as "the world's largest law office, employing more than 10,000 attorneys nationwide," not to mention additional staff, law clerks, paralegals, etc.[1]

8. Nor can the government reasonably claim to have been surprised that Plaintiffs filed this case. As the government's motion acknowledges, Plaintiffs announced their intent challenge the Final Rule quite publicly, which was covered by the news media, as early as April 10, 2022. In reality, Plaintiffs GOA and GOF announced their plan to challenge the ATF rulemaking far earlier than that, specifically warning ATF in their June 4, **_2021_** comments on the NPRM that litigation would be forthcoming if the proposed rule was not withdrawn. *See* Exhibit "33" at 9. Indeed, the Final Rule explicitly acknowledges that, "[b]ased on the comments received in opposition to this rule, there is a reasonable possibility that this rule will be subject to litigation challenges." *Id*. at 24730.

9. Third, making the government's request more unreasonable is its citation to *Division 80 v. Garland*, No. 3:22-cv-00148 (S.D. Tex.), what Defendants repeatedly describe as a "parallel" case to this one. ECF #15 at ¶2. There, Defendants took 25 days to file a 64-page brief which means that they have a significant head start on filing a 27-page response in this case, and should not need 5 more days than they required in the Texas case to file 37 fewer pages. *See Division 80 v. Garland*, No. 3:22-cv-00148 (S.D. Tex.), Document 16, filed on July 1, 2022. The government's math does not add up.

---

[1] https://www.justice.gov/oarm.

10. Fourth, while Defendants seek to cast blame on Plaintiffs for not moving more quickly (ECF #15 at ¶ 3) in the filing of this litigation, this allegation fails to take into account the massive length and breadth of the Final Rule (505 pages of rulemaking and regulatory impact analysis, promulgating dozens of new regulations, involving numerous different subjects of federal gun law). Preparation of Plaintiffs' complaint and memorandum (ECF #1 and #14-1) involved the reading of thousands of pages of ATF classification letters, conversations with numerous members of the firearms industry and community, consultations with subject matter experts, not to mention the legal research, drafting, preparation of exhibits, etc. involved. In other words, Plaintiffs have hardly been sitting on their rights.[2]

11. As the Federal Register's "Guide to the Rulemaking Process" explains, "[f]or complex rulemakings, agencies may provide for longer time periods, such as 180 days or more."[3] If the

---

[2] Defendants' reliance on *Indep.-All. Party of Minnesota v. Simon*, __ F. Supp. 3d __, 2022 U.S. Dist. LEXIS 87382 (D. Minn. May 16, 2022) is unavailing. That case involved a 2022 challenge to a statute which had gone into effect in 2015, and where the plaintiff "has known of the issues it raises here for several years," including during intervening "past elections [where] the oath requirement has created difficulties…." *Id*. at 19-20. Similarly, Defendants' citation to *Adventist Health Sys./SunBelt, Inc. v. United States HHS*, 17 F.4th 793, 805 (U.S. 8th Cir. 2021) is unhelpful, because there the plaintiff waited to bring suit "until one year after Fixed Circle's adoption, and fewer than five days before its scheduled implementation." That is hardly the case here. Rather, as the Eighth Circuit in *Adventist* noted, "'a party requesting a preliminary injunction must generally show reasonable diligence.'" *Id*. (citation omitted). A case with similar timeframes, *Nevada v. United States DOL*, 218 F. Supp. 3d 520, 525 (E.D. Tex. 2016) demonstrates that Plaintiffs meet this standard. In that case, a group of States sued the Department of Labor ("DOL") over a Final Rule increasing the minimum salary level for exempt employees. That Rule was published on May 23, 2016 (*id*. at 525) with an effective date of December 1, 2016 (a 192-day implementation period). The States sued the DOL on September 20, 2016 (*see* Civil Action No. 4:16-CV-00731, Eastern District of Texas, Docket No. 1) and then, on October 12, 2016, filed their motion for preliminary injunction. *Id*. After briefing, the court in that case held a hearing and granted the injunction. *Id*. at 534. Since Plaintiffs have accomplished more, in less time, and with limited resources than the government now proposes to do in responding to Plaintiffs' motion, Plaintiffs submit that perhaps it is the government (with its nearly unlimited resources) that is not showing "reasonable diligence" in this litigation.

[3] https://www.federalregister.gov/uploads/2011/01/the_rulemaking_process.pdf.

Final Rule does not qualify as "complex," it is hard to see what would, and it was Defendants who chose to make the Final Rule effective in only 120 days, not "180 days or more." If the government needs more time, it simply could publish a notice postponing the effective date of the Final Rule to preserve the status quo and give this court additional time to act.

12. In what does not appear to be a coincidence, the government seeks not a two-week extension or a three-week extension to respond, but *precisely* a 16-day extension, very specifically asking for a delay "through and including August 24, 2022," the very day the Final Rule is scheduled to take effect. Defendant's motion thus seems carefully calculated to moot Plaintiffs' motion for preliminary injunction and deprive Plaintiffs of the relief they seek (an order maintaining the status quo and enjoining implementation of the Final Rule). ECF # 14-1 at 1.

13. The government attempted a similar maneuver in the *Division 80* case, seeking discovery of the plaintiff that "would not conclude until August 17 *or August 24*" – again, the very day the Final Rule is scheduled to take effect. *See Division 80*, Plaintiff's Opposition to Defendant's Motion for Leave to Conduct Discovery, ECF #33 at 3. In spite of the government's attempts at delay, Judge Brown has ordered a hearing on Division 80's preliminary injunction motion to occur on August 9, 2022. *Division 80,* ECF #53.

14. In other words, to grant Defendants' motion for an extension is the equivalent of denying Plaintiffs' motion for a preliminary injunction. *See Antonyuk et al v. Bruen*, 22-cv-734 (N.D.N.Y), Text Order ECF #12 (denying the state's request for a briefing extension, the granting of which "would deprive Plaintiffs of their right to have their motion for a preliminary injunction fairly and justly decided, if not the very relief they are seeking.").

15. Plaintiffs certainly cannot consent to an extension that will, on its face, deny them the preliminary relief they seek, and therefore must oppose Defendants' Motion for Extension of Time

(ECF #15). However, if Defendants would stipulate to this Court's entry of a Preliminary Injunction enjoining the Final Rule pending this Court's ruling on the merits, Plaintiffs would consent to whatever extension Defendants deem necessary.[4]

16. This Court should reject the government's attempts (like its attempts in *Division 80*) to delay proceedings so that the Final Rule can go into effect without being subjected to legal challenge. Thus, the Court should deny Defendants' motion.

Respectfully submitted, this the 26th of July, 2022.

| | |
|---|---|
| */s/ Stephen D. Stamboulieh*<br>Stephen D. Stamboulieh (MS # 102784)<br>Stamboulieh Law, PLLC<br>P.O. Box 428<br>Olive Branch, MS  38654<br>(601) 852-3440<br>stephen@sdslaw.us | Robert J. Olson (VA # 82488)<br>William J. Olson, P.C.<br>370 Maple Ave. West, Suite 4<br>Vienna, VA 22180-5615<br>703-356-5070 (T)<br>703-356-5085 (F)<br>wjo@mindspring.com<br><br>Robert B. Stock (ND # 05919)<br>Vogel Law Firm<br>218 NP Avenue<br>Fargo, ND  58107-1389<br>701-237-6983 (T)<br>701-237-0847 (F)<br>rstock@vogellaw.com<br>For service: rbslitgroup@vogellaw.com |

---

[4] This is similar what occurred in a challenge to a Final Rule issued by the Department of Health and Human Services in a Medicare billing matter, and to the extent the Defendants need the extra time, an interim order or stipulation staying implementation could be entered into here as well. *See Atl. Urological Assocs., P.A. v. Leavitt*, 549 F. Supp. 2d 13, 15 (D.D.C. 2008) ("In order to permit time for briefing and oral argument on the complex issues involved, the parties consented to an Interim Order, entered February 8, 2008. The Interim Order set a briefing schedule (with briefing completed on March 19, 2008) and a hearing on March 28, 2008. The Interim Order further provided that Secretary would not apply the Anti-Markup Rule, as amended by the Final Rule, until April 1, 2008. . .").

## CERTIFICATE OF SERVICE

I Stephen D. Stamboulieh, hereby certify that I have on this day, caused the foregoing document or pleading to be filed with this Court's CM/ECF system, which caused a notice of the filing and a true and correct copy of the same to be delivered to all counsel of record. Additionally, I have caused this to be sent to the following non-ECF participants:

<u>By electronic mail to:</u>

Daniel Riess (TX Bar #24037359)
Trial Attorney
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, D.C. 200005
Phone: 202-353-3098
Fax: 202-616-8460
Email: Daniel.Riess@usdoj.gov

Dated: July 26, 2022.

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh