IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| MOREHOUSE ENTERPRISES LLC d/b/a<br>BRIDGE CITY ORDNANCE *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES *et al.*,<br><br>    Defendants. | Case No. 3:22-cv-00116-PDW-ARS |

**REPLY BRIEF IN SUPPORT OF
DEFENDANTS' MOTION FOR EXTENSION OF TIME**

Defendants respectfully submit this reply brief in support of their motion for a 16-day extension of time until August 24, 2022 to respond to Plaintiffs' motion for preliminary injunction.

1. The purpose of Defendants' requested extension is to allow them the time necessary to provide the Court with helpful briefing instead of rushed filings that fail to adequately address relevant issues. Defendants need this additional time because of major scheduling conflicts during the next two weeks, most notably preparing for and traveling to a preliminary injunction hearing on August 9 in a parallel action challenging the Rule at issue here, *Division 80 v. Garland*, No. 3:22-cv-00148 (S.D. Tex.), and taking a deposition in the *Division 80* action on August 2. The best way to allow the Court to receive informative briefs is to allow Defendants the time they need to research, draft, and obtain the necessary supervisory review before filing them. A 16-day extension of time is a reasonable time period to allow Defendants to adequately respond to the issues raised in Plaintiffs' motion.

1

2. On the other side of the balance, Plaintiffs waited months after ATF issued the final rule to file their preliminary injunction motion and now oppose Defendants' motion for a reasonable opportunity to respond to that motion. Despite the organizational plaintiff's admission that it has "known that [the challenged Rule] was coming, since [ATF] announced this rule as a proposed rule back in May of 2021," *see* Mot. at 2 & n.1, Plaintiffs did not act in a manner reflective of a party facing a true emergency.

3. The facts do not support Plaintiffs' arguments for opposing Defendants' request for an extension of time. Any contention that Plaintiffs could not have filed their complaint and motion for preliminary injunction before now is fatally undermined by the fact that the plaintiff in the parallel Texas case filed suit challenging this Rule in early May 2022, and moved for a preliminary injunction in early June. *See Division 80 v. Garland*, No. 3:22-cv-00148, ECF Nos. 1 (Compl., May 9, 2022), 11 (Emergency Mot. for Prelim. Injunction, June 6, 2022). This diligence allowed for a reasonable briefing schedule, including a comparable extension to what Defendants are requesting here to respond to the motion for preliminary injunction, that concluded well before the Rule's effective date.

4. Furthermore, Plaintiffs are the masters of their complaint and of the motions they file, and thus decide precisely which issues will be litigated in this case (in general) and in their motion for preliminary injunction (more specifically). Thus, Defendants had no way of knowing exactly which arguments Plaintiffs would make in their preliminary injunction motion until Plaintiffs filed it on Monday. By contrast, Plaintiffs have provided no compelling explanation for why they should be permitted fifteen *months* after the proposed rule was issued, three *months* after the final rule was issued, and nearly three *weeks* after the filing of their complaint, to file a

preliminary injunction motion, but Defendants—facing substantial time commitments and conflicts—should be allowed only 14 *days* to respond.

5. Similarly, the existence of the *Division 80* case does not alleviate Defendants' burden. Although both this case and *Division 80* involve challenges to the Rule, the cases have not been consolidated, are not identical, and involve both different arguments and the law of different Circuits. Thus, the mere fact that Defendants have responded to a preliminary injunction motion in *Division 80* does not significantly lighten their burden of drafting and filing an opposition to Plaintiffs' motion. Any contrary contention implies that Plaintiffs should have been able to file their own preliminary injunction motion much more expeditiously instead of taking almost two additional months after the *Division 80* motion had been filed.

6. Nor, contrary to Plaintiffs' contention, are Defendants requesting additional time as a pretext to file their response after the effective date of the Rule. That is an unavoidable consequence of Plaintiffs having waited to file their motion for preliminary injunction less than a month before the Rule is scheduled to go into effect. It was Plaintiffs' prerogative to choose to file their motion shortly before the Rule takes effect, but they cannot contend on that basis that reasonable time extensions cannot be granted because of the emergency they themselves created.

7. Moreover, when Defendants informed Plaintiffs that they would not be able to adequately prepare a response to the preliminary injunction motion by August 8 because of their preparations for the *Division 80* preliminary injunction hearing on August 9, Plaintiffs refused to agree to any extension of time for Defendants. Plaintiffs were well aware of the timeline of the *Division 80* case, as their opposition brief demonstrates. Regardless, Plaintiffs continue to oppose allowing a reasonable time to respond to the preliminary injunction motion, now conditioning any such allowance on "stipulat[ing] to this Court's entry of a Preliminary

Injunction." Opp. at 6.  Principles of basic fairness should not allow a party to so leverage the unavoidable scheduling conflicts of an opposing party to its advantage.

8.  Plaintiffs also provide no support for the assertion that their preliminary injunction motion will be moot after the effective date of the Rule.  Absent such a showing, Plaintiffs fail to demonstrate any compelling need for the completion of briefing and for the Court to hold a hearing and issue a decision on Plaintiffs' motion before that date.

9.  "A preliminary injunction is an extraordinary and drastic remedy[.]" *Munaf v. Green*, 553 U.S. 674, 689 (2008) (citation omitted).  Because "[p]reliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights," any "[d]elay in seeking enforcement of those rights . . . tends to indicate at least a reduced need for such drastic, speedy action." *TrueNorth Companies v. TruNorth Warranty Plans of N. Am.*, 353 F. Supp. 3d 788, 804 (N.D. Iowa 2018) (citation omitted); *see also Seiko Kabushiki Kaisha v. Swiss Watch Int'l*, 188 F. Supp. 2d 1350, 1356 (S.D. Fla. 2002) (denying preliminary injunction, *inter alia*, because three-month delay between plaintiff's last communication with defendants and filing of suit "undercuts any sense of urgency"); *Blue-Grace Logistics LLC v. Fahey*, 340 F.R.D. 460, 467 (M.D. Fla. 2022) (noting that "many courts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months") (citation and internal punctation omitted).  The fact that Plaintiffs waited so long to move for a preliminary injunction is strong evidence that they will not be prejudiced if Defendants' motion for extension of time is granted.

Defendants therefore respectfully request that the Court grant their motion for a 16-day extension of time, through and including August 24, 2022, to respond to Plaintiffs' motion for preliminary injunction.

Dated:  July 27, 2022                              Respectfully submitted,


                                            BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Director, Federal Programs Branch


*/s/ Daniel Riess*
DANIEL RIESS
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-3098
Email:  Daniel.Riess@usdoj.gov
*Attorneys for Defendants*

5