IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  3:18CR162 |
| Plaintiff, | ) | HON. JUDGE JAMES G. CARR |
| v. | ) | GOVERNMENT'S |
| | ) | MOTION IN LIMINE NO. 3 |
| KELLAND WRIGHT | ) | REGARDING ATF OPINION LETTERS |
| Defendant. | ) | |

NOW COMES the United States of America, by its counsel, Justin E. Herdman, United States Attorney, and Noah P. Hood and Jody L. King, Assistant U.S. Attorneys, and asks that the Court preclude Defendant Kelland Wright from presenting at trial decision letters from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Firearms and Ammunition Technology Division (FATD).

**I.   Introduction**

The Court should preclude Wright from introducing ATF FATD classification letters at trial.  None of the letters was addressed to Wright.  None of the letters relate to the specific firearm at issue in this case.  The letters are not precedential.  Rather, each letter relates to specific firearm design specifications and prototypes that have nothing to do with this case.  Because of this, the letters are not relevant to this case.  Introducing the ATF FATD letters at trial creates a grave risk of confusing the issues and misleading the jury.

Exhibit "8"

1

## II.  Background

### A.  Indictment and Short-barreled Rifle

On March 30, 2018, Kelland Wright was charged in a criminal complaint with violating 26 U.S.C. § 5861(d) (possession of a short-barreled rifle). (Dkt. no. 1, Complaint.)  On April 4, 2018, a federal grand jury empaneled in the Northern District of Ohio returned a one-count indictment charging Kelland Wright with possession of an unregistered short-barreled rifle.  (Dkt. no. 2, Indictment.)  The firearm at the center of this case is an AR-style pistol, modified with an angled fore-grip, a collapsible stock, and various other modifications.  The barrel-length is approximately 7 and 3/4 inches.  The flash suppressor that was affixed to the barrel at the time the firearm was seized added approximately two inches.

### B.  Critical Trial Issue

The critical issue in this case will not be possession, registration (or lack thereof), or barrel length.  Ultimately, the primary issue in dispute at trial will be whether or not Kelland Wright's firearm meets the definition of a "rifle," that is a firearm designed to be fired from the shoulder, *see* 26 U.S.C. § 5845(a).  Part of this issue will center on the implications modifications that Kelland Wright made or had made to the firearm, including the addition of an extension piece to the rear of the firearm.  Wright's expert, Richard Vasquez, is expected to testify that the extension piece functions as a cheek rest.  The Government's expert, Firearms Enforcement Officer Eve E. Eisenbise, is expected to testify that the extension piece makes the firearm designed to be fired from the shoulder. Officer Eisenbise is an employee of the ATF FATD.  Richard Vasquez formerly was employed by the FATD.

C.      **The ATF Firearms and Ammunition Technology Division (FATD)**

The mission of the Firearms and Ammunition Technology Division is to serve as ATF's technical authority relating to firearms and their classification under Federal laws; to respond to law enforcement agencies requests to test, evaluate, and provide expert testimony on firearms and ammunition; and to provide technical services to the firearms industry and other members of the public. A large part of FATD's function includes responding to technical inquiries and testing and classifying products submitted to FATD for review.

D.      **Discovery Request and Production of ATF FATD Letters**

On July 9, 2018, Wright filed a supplemental discovery request seeking classification letters and rulings from the Firearms Technology Branch relating to "arm braces; how to measure an arm brace; folding arm braces, and how to measure folding arm braces; cheek braces; and arm braces with a cheek piece." (Dkt. no. 20)

On July 17, 2018, Wright filed a second supplemental discovery request seeking specific classification letters by letter number and date. (Dkt. no. 26.) The second supplemental request also sought decision letters related the use of cane tips. (*Id.*) In response, the Government, in collaboration with the FATD, collected, culled, and produced over 1300 pages of decision letters. The Government produced the letters under the protection of a protective order that the Court authorized on August 1, 2018. The decision letters were marked "protected" because the letters largely deal with specific inquiries from gun owners, inventors, and companies that submitted design specifications to the ATF FATD.

The letters are not precedential. Many of the letters note that ATF FATD requires design specifications or a prototype of the firearm design before rendering a decision on whether the firearm is required to be registered with the National Firearm Registration and Transfer Record.

3

Important to this issue, none of the inquiries are from Kelland Wright (or anyone else) about the firearm at issue in this case. Likewise, none of the letters from the ATF FATD address Kelland Wright's firearm. In fact, the Government is unaware of any letter that was submitted related to the firearm Kelland Wright possessed, either by Wright, a prior owner, manufacturer, or gunsmith. To be clear, the letters are not precedential.

During a pretrial conference, defense counsel indicated that Wright intended to file a motion to dismiss based on the principle of entrapment by estoppel. Although Wright did not file the motion to dismiss, he may still intend to rely on this defense at trial. It is possible, as part of his defense, Wright may seek to introduce the letters through either or both expert witnesses or through his own testimony.

**III.   Law and Argument**

The Court should preclude Wright from presenting at trial the ATF FATD classification letters that the Government produced in discovery, unless they are properly used to impeach a specific witness. Rule 401 (in combination with Rule 402) provides that relevant evidence is admissible, but limits relevancy to things that "have any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Further, the Court may exclude evidence if its probative value is substantially outweighed by a danger of confusing issues or misleading the jury. The relevant issues at trial relate to the specifics of Wright's firearm, an AR pistol platform that was modified with an angled foregrip and collapsible stock. None of the letters that Wright requested was related to correspondences between Wright and ATF FATD. In fact, the Government is not aware of the existence of any letters between Wright and the ATF FATD. Likewise, the letters do not address Wright's firearm or the specific extension piece that Wright used as a stock. Introducing unrelated

4

ATF FATD letters at trial will confuse the jury and place the jury in the position of deciphering nuances of ATF opinion letters as opposed to focusing on the specific firearm at issue in this case.

There are not many court decisions addressing the issue of the admissibility of classification letters from the ATF FATD at trial. However, the Seventh Circuit and Second Circuit have addressed closely related issues.

In *United States v. Olofson*, 563 F.3d 652 (7th Cir. 2009), the Seventh Circuit addressed a related issue. There, the Seventh Circuit affirmed the decision of the district court denying a defendant's discovery request for the production of specific ATF correspondence with the manufacturer of his AR-15 concerning the use of M-16 parts in early AR-15 rifles. *Olofson*, 563 F.3d at 662-63. The defendant, who was charged with knowingly transferring a machinegun in violation of 18 U.S.C. § 922(o), *id.* at 655,[1] requested "ATF's correspondence with the manufacturer of his AR–15 concerning the use of M–16 parts in early AR–15 rifles." *Id.* at 662. The defendant argued that the evidence was exculpatory because it was relevant to his knowledge of whether or not his AR-15 was a machinegun. *Id.* The district court denied the defendant's request on the first day of trial and revisited the issue – including with an *in camera* review – prior to sentencing. *Id.* The district court held that the document was not exculpatory and placed the document under seal. *Id.* The evidence at issue was a 1983 letter from the ATF to the manufacturer

---

[1] The specific statute at issue in *Olofson* related to the transfer of machineguns manufactured after May 19, 1986. Section 922(o) of Title 18 makes it unlawful to transfer or possess a machinegun made after May 19, 1986. In addition, under the NFA, it is unlawful to manufacture or possess a machinegun without first registering it with the Secretary of the Treasury and paying applicable taxes. 26 U.S.C. §§ 5822, 5861. As a result of the enactment of 18 U.S.C. § 922(o), the Secretary of the Treasury no longer will register or accept any tax payments to make or transfer a machinegun made after May 19, 1986. Accordingly, because it is impossible to comply with the registration and taxation provisions in the NFA, the Government often charges the unlawful possession or transfer of a machinegun made after May 19, 1986 under § 922(o) instead of 26 U.S.C. §§ 5861(d), (e). *See* United States Attorney Manual § 9-63.516.

of the AR–15 in which the ATF advised the company that the installation of certain M–16 parts in AR–15 receivers may permit the weapon to fire automatically even though an automatic sear is not present. *Id.* The Seventh Circuit agreed with the district court that the document was not exculpatory, holding that the letters had no bearing on the defendant's knowledge of whether his AR-15 was a machine gun. *Id.* at 662-63. Likewise, the court held that the ATF letters did not have impeachment value. *Id.* Specifically, the Seventh Circuit held, "like the district court, we do not see how the ATF's opinions or positions regarding the presence of M–16 parts in AR–15 rifles are the least bit germane to [defendant's] conviction for knowingly transferring a machinegun."

Similarly, the ATF's opinions or positions regarding cheek rests, arm braces, and other matters are not germane to Wright's knowledge of whether his firearm was a short-barreled rifle. None of the letters was addressed to Wright. None of the letters relates to the specific extension piece that Wright attached to his firearm as a stock. And none of the letters provides an opinion on Wright's specific firearm design. Introducing a variety of unrelated letters into evidence will not make any material fact more or less likely. On the contrary, introducing letters that deal with nuanced technical issues on firearms that are not at issue in this case will confuse the issues that the jury is responsible for deciding.

For these same reasons, Wright cannot introduce these letters to support an entrapment by estoppel defense. *See United States v. Corso*, 20 F.3d 521, 528-29 (2d Cir. 1994). Entrapment by estoppel applies when an authorized government official tells the defendant that certain conduct is legal and the defendant believes the official. *Id.* at 528; *see also* Sixth Circuit Pattern Jury Instruction 6.09. In *United States v. Corso*, the defendant attempted to rely on the entrapment by estoppel defense based on ATF decision letters that were addressed to a firearms company about whether possession of certain firearm receivers was lawful under the National Firearm Act. *Id.* at

6

528. The Second Circuit held that the "defense clearly does not avail the defendant." *Id.* The first reason that the court identified was the fact "there was no communication from an authorized government official to the defendant to the effect that his acquisition of the receivers was lawful." *Id.* Essentially, the letters were not sent to the defendant. Similarly, none of the ATF letters that Wright requested was letters addressed to him or even letters dealing with his firearm. In this respect, Wright cannot rely on these letters for the estoppel by entrapment defense.

## IV. Conclusion

For the reasons set forth above, the United States respectfully requests the Court grant its Motion in Limine. Wright should not be permitted to introduce the ATF FATD letters.

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney

        By: /s/ Noah P. Hood
        Noah P. Hood (Reg. No. MI P75564)
        Assistant United States Attorney
        Four Seagate, Suite 308
        Toledo, OH 43604
        Tel.: (419) 259-6376
        Fax: (419) 259-6360
        Noah.Hood@usdoj.gov

        By: /s/ Jody L. King
        Jody L. King (0094125)
        Assistant United States Attorney
        Four Seagate, Suite 308
        Toledo, Ohio 43604
        Phone: (419) 259-6376
        Fax: (419) 259-6360
        Email: Jody.King@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on September 13, 2018 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

*/s/ Noah P. Hood*
Noah P. Hood
Assistant U.S. Attorney