**DEPARTMENT OF THE TREASURY**
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
**CORRESPONDENCE APPROVAL AND CLEARANCE**

DEC 27 2002

903050:RDC
3311/2003-016

360
357.3846

Mr. Lane Browne
Mega Machine Shop, Incorporated
5323 Joppa S.W.
Tumwater, Washington 98512-8020

Dear Mr. Browne:

This refers to four AR-15 type lower receiver samples that were received by this office on October 3, 2002, for the purposes of examination and classification.

You indicate that each of the samples represents a separate stage in the manufacturing process. The samples are labeled "OP-1," "OP-2," "OP-3," and "OP-4."

Receiver sample "OP-1" is a solid casting having holes drilled for the takedown pins, selector, hammer, trigger, bolt catch, rear takedown pin retainer, and magazine catch. Further, the areas for the magazine catch and bolt catch have been partially machined and the rear ring threaded for the buffer tube. Machining of the interior cavity and magazine well has not been made on this sample.

Receiver sample "OP-2," in addition to the operations above, has had the magazine well and interior cavity machined, trigger slot machined, trigger guard holes drilled, and the slots for the magazine catch and bolt catch completed.

Receiver sample "OP-3," in addition to the operations above, has had the hole drilled in the receiver ring for the buffer retainer.

| | INITIATOR | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER |
|---|---|---|---|---|---|---|---|
| CODE | 903050 | 903050 | | | | | |
| SURNAME | Clay | Bowe | | | | | |
| DATE | 2/6/03 | 12/27/02 | | | | | |

ATF F 9310.3A (7-97) (Formerly ATF/F 1325.6A, which may still be used)     *U.S. Government Printing Office: 2002 — 491-811/53553

**DEPARTMENT OF THE TREASURY**
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
**CORRESPONDENCE APPROVAL AND CLEARANCE**

-2-

Mega Machine Shop, Inc.

Receiver sample "OP-4," in addition to the operations above, has had the hole for the grip screw drilled and tapped, and the markings applied. The left side of the magazine well is marked, in descending order, "DALPHON," "SHELTON, WA.," "MULTI-CALIBER," "MODEL B.F.D.," and "CDB 0806." "FIRE" and "SAFE" are marked adjacent to the safety selector hole.

We have determined that an AR-15 receiver can still function as a firearm receiver without a magazine opening or the threaded hole for the buffer tube. In addition, we previously examined an AR-15 style receiver in a similar condition to your receiver sample "OP-1" having the holes for the trigger and hammer pins, but with a solid interior. The interior cavity of the previously examined sample was finished in approximately 75 minutes time using a 5/8-inch drill and a rotary file. This receiver was determined to be a "firearm" as defined in Title 18, United States Code (U.S.C.), § 921(a)(3). Therefore, your sample "OP-1" is also a firearm as defined.

Receiver samples "OP-2," "OP-3," and "OP-4" are manufactured to the point where they will accept AR-15 type semiautomatic fire control components, the magazine catch, the bolt catch, both takedown pins, rear takedown pin retainer, and buffer tube. Therefore, each of these samples constitutes a "firearm" as defined in Title 18, U.S.C. § 921(a)(3).

We trust the foregoing has been responsive to your inquiry. If we can be of any further assistance, please contact us.

Sincerely yours,

Curtis H.A. Bartlett
Chief, Firearms Technology Branch

| | INITIATOR | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER |
|---|---|---|---|---|---|---|---|
| CODE | | | | | | | |
| SURNAME | | | | | | | |
| DATE | | | | | | | |

ATF F 9310.3A (7-97) (Formerly ATF F 1325.6A, which may still be used)     *U.S. Government Printing Office: 2002 — 491-811/53553

ATF0054



**DEPARTMENT OF THE TREASURY**
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS

903050:RLB
3311/2003-227

FEB 25 03

Mr. ▮▮▮ Halford
▮▮▮▮▮▮▮▮▮▮
Jonesboro, Arkansas 72404

Dear Mr. Halford:

This is in response to your letter dated January 21, 2003, to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). In your letter you ask about manufacturing 80% complete receivers.

The terms 50%, 80% and 90% complete receivers are commonly used for advertisement purposes. Such terms do not accurately identify the condition of a partially completed or unfinished receiver and have no precise meaning. Further, such terms did not originate with ATF, are not used by ATF and have no legal or technical meaning within ATF.

In order for us to render any opinion regarding the status of a partially finished receiver, we need to physically examine a sample. If you care to submit a sample of the subject receiver, we will be happy to examine it and provide you with an appropriate classification and any related determinations. Upon completion of our examination, the sample will be returned to you. However, you should be aware that if the sample is found to be a machinegun receiver or otherwise subject to the purview of the National Firearms Act, it could not be returned and would have to be abandoned to the government.

WWW.ATF.TREAS.GOV

-2-

Mr. ■■■ Halford



Samples may be forwarded to the below-listed address:

Bureau of Alcohol, Tobacco, Firearms and Explosives
Firearms Technology Branch, Room 6450
650 Massachusetts Avenue, NW
Washington, DC  20226

We regret that we are unable to respond more fully at the present time. If we may be of any further assistance, please contact us.

Sincerely yours,

Curtis H.A. Bartlett
Chief, Firearms Technology Branch



**DEPARTMENT OF THE TREASURY**
**BUREAU OF ALCOHOL, TOBACCO AND FIREARMS**

JUL 31 2003

903050:RLB
3311/2003-327

Mr. ▮▮▮▮ Halford
▮▮▮▮▮▮▮▮▮▮
Jonesboro, Arkansas 72404

Dear Mr. Halford:

This is in response to your letter dated March 4, 2003, to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). In your letter, you ask about the classification of an unfinished AR-15 type receiver.

Along with your letter you provided this office with a sample of the unfinished receiver that has been CNC machined from a block of aluminum. The external profile has been machined and the magazine well has been cut out. The receiver cavity is in semiautomatic configuration and is complete with the exception of the trigger port and various holes for the fire control components and takedown pins. Based on our examination of the unfinished receiver, it is our opinion that the subject sample has received sufficient machining to be classified as the frame or receiver for a "firearm" as that term is defined in section 921(a)(3)(B) of Title 18, United States Code, Chapter 44 and is therefore subject to the controls and provisions of the Gun Control Act of 1968.

The submitted sample is being returned to you under separate cover.

Sincerely yours,

Sterling T. Nixon
Chief, Firearms Technology Branch

WWW.ATF.TREAS.GOV



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

JAN 1 3 2004

903050:MRC
3311/2004-233

www.atf.gov

Mr. Steve Lazzara
National Ordnance Company
5514 W 34th Street
Houston, Texas 77092

Dear Mr. Lazzara:

This is in response to your letter dated November 28, 2003, to the Firearms Technology Branch, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), in which you ask for a classification of an accompanying sample of a Government 1911A1 type casting.

Upon an examination of the submitted sample, our Branch determined the following machining operations would have to be performed:

1. Cutting frame rails;
2. Drilling of hammer and sear pin holes;
3. Drilling of plunger tube holes;
4. Drilling of slide stop pin hole;
5. Drilling of disconnector hole;
6. Drilling of holes for ejector legs;
7. Drilling of hole for thumb safety;
8. Finishing machining for magazine catch;
9. Cutting groves for mainspring housing; and
10. Drilling and tapping for grip bushings.

Furthermore, based on the examination of the submitted casting, we concluded that it does not meet the definition of a "firearm" provided in 18 U.S.C. 921(a)(3). However, any deviation from the submitted item would void this classification.

Mr. Steve Lazzara

We thank you for your inquiry, along with accompanying sample, and trust that the foregoing has been responsive to your request for an evaluation.

Sincerely yours,

Sterling Nixon
Chief, Firearms Technology Branch

ATF0059



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

JAN 2 9 2004    903050:RDC
3311/2004-738

www.atf.gov

Mr. Mark Malkowski
Continental Machine Tool Company, Incorporated
515 John Downey Drive
New Britain, Connecticut 06051

Dear Mr. Malkowski:

This refers to two AR-15 type unfinished aluminum lower receivers that were received by the Firearms Technology Branch (FTB), Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), on September 17, 2003, for the purposes of examination and classification.

As you may be aware, the Gun Control Act of 1968 (GCA), 18 U.S.C. § 921(a)(3), defines the term "firearm" to include "any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive. The term also includes the frame or receiver of any such weapon."

Our evaluation indicates that both of the receivers have had several machining operations performed, creating the following:

- Magazine well;
- Trigger slot;
- Cavity for the trigger, hammer, disconnector, safety selector;
- Initial opening for the buffer tube;
- Slot for magazine catch;
- Slot for the bolt catch;
- Right hand relief cut for forward takedown pin; and
- Center relief cut for forward takedown pin.

-2-

Mr. Mark Malkowski

The following is a list of machining operations that were not accomplished:

- Trigger, hammer, safety selector, trigger guard, and bolt catch crosspin holes;
- Opening for the magazine catch shaft and release button;
- Enlarging and threading of buffer tube attachment point (receiver "ring");
- takedown pin holes (front and rear); and
- pistol grip mount.

The FTB examination of the submitted samples revealed that both have reached the stage of manufacture whereby they are identifiable as the frame or receiver of an AR-15 type firearm. Each is therefore a "firearm" as defined in the GCA. However, a solid AR-15 type receiver casting, without having the critical internal areas machined (magazine well and central area for the fire control components) or crosspin holes drilled, would not constitute a "firearm" as defined in the NFA.

We thank you for your inquiry, along with submitted parts, and trust the foregoing assessment is responsive.

Sincerely yours,

Sterling Nixon
Chief, Firearms Technology Branch

ATF0061



U.S. Department of Justice

Bureau of Alcohol, Tobacco, Firearms and Explosives

MAR 1 0 2004

903050:CLB
3311/2004-278

www.atf.gov

Mr. ▮▮▮ Paschal
▮▮▮▮▮▮▮▮▮▮
Granbury, TX 76049

Dear Mr. Paschal:

This is in reference to your letter to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Firearms Technology Branch, dated January 6, 2004, in which you ask several questions about modifications to AR-15 type receivers.

As you may be aware, the National Firearms Act (NFA), 26 U.S.C. 5845(b), defines a machinegun as—

…any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

Based on this definition, an AR-15 type receiver which has been modified by the drilling of a hole through both receiver walls in the proper location for the installation of an M16 automatic sear cross pin, and which has had the receiver cavity milled out to a width sufficient to facilitate the installation of an M16 automatic sear, is a frame or receiver a machinegun. Therefore, it is a machinegun as defined. Further, an AR-15 type receiver, which has been modified as above, or an M16 receiver which has had the automatic sear cross pin holes covered and or material filled into the receiver cavity, is still a machinegun frame or receiver.

For further guidance, we suggest that you read through the Additional Information section of the *Federal Firearms Regulations Reference Guide* (ATF P 5300.4). This guide is also available on the ATF Web site, www.atf.gov.

Also, based upon your correspondence, it appears that you may be in possession of an unregistered machinegun. Should this be the case, we suggest you contact your local ATF office to coordinate abandoning it.

-2-

Mr Paschal

We thank you for your inquiry and trust the foregoing has been responsive.

Sincerely yours,

Joe   Sterling Nixon
Chief, Firearms Technology Branch



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

903050:MRC
3311/2004-179

MAY - 5 2004

Mr. Neil Amodeo
Numrich Gun Parts Corporation
226 Williams Lane
P.O. Box 299
West Hurley, NY 12491

www.atf.gov

Dear Mr. Amodeo:

This is in response to your letter dated November 28, 2003, to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Firearms Technology Branch, with reference to your submitted AMT Automag-type casting. In your correspondence, you inquire whether this item qualifies as a "firearm" under the Gun Control Act of 1968.

Following examination of the example you submitted, our Branch determined that the following machining operations would be necessary for this casting to be considered a *firearm*:

1. Cut frame rails.
2. Drill hammer and sear pin holes.
3. Drill hole for trigger bar spring.
4. Drill hole for trigger bar stop pin.
5. Drill slide stop pin hole.
6. Drill and tap for grip screws.
7. Drill hole for hammer strut and spring.
8. Final prep of feed ramp.
9. Drill hole for trigger pivot pin.

Therefore, the particular casting you submitted does not meet the definition of a "firearm" presented in 18 U.S.C. Section 921(a)(3). However, any deviation from the example would void this classification.

We thank you for your inquiry and trust that the foregoing has been responsive.

Sincerely yours,

Sterling Nixon
Chief, Firearms Technology Branch



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

AUG **1 9** 2004

www.atf.gov

903050:RDC
3311/2004-564

Mr. Robert Serva
Dan Wesson Firearms
5169 Highway 12 South
Norwich, NY 13815

Dear Mr. Serva:

This refers to an unfinished 1911-type semiautomatic pistol frame sample, which was received by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Firearms Technology Branch (FTB), on July 25, 2004, for examination and classification.

Examination of the submitted unfinished frame revealed that the following machining operations have been made, implementing these essential features:

- Slide stop crosspin holes.
- Sear pin hole.
- Hammer pin hole.
- Thumb safety pin hole.
- Main spring housing pin hole.
- Disconnector port.
- Stock screw bushing threads.
- Frame plunger tube mounting holes.
- Feed ramp.
- Barrel link surfaces.
- Frame interior passages/slots.
- Frame safety lever cutout.

In an accompanying letter, you note that the submitted slide rails have not been cut and that there is an additional .015 inch of material left on top of the rail area. Additionally, you state that the sides are approximately .004 inch in width.

The only critical operation yet to be made is the cutting of the slide rails. Although critical, this work can be completed in a minimal amount of time by a competent individual having the necessary equipment.

-2-

Mr. Robert W. Serva

Based on our review of the submitted frame, including the features enumerated above, FTB has determined that the number and complexity of the operations made are sufficient to classify this sample as a "firearm" as defined in 18 U.S.C. § 921(a)(3).

We trust the foregoing has been responsive to your inquiry. If we can be of any further assistance, please contact us.

                Sincerely yours,

                Sterling Nixon
                Chief, Firearms Technology Branch