IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| MOREHOUSE ENTERPRISES, LLC )<br>d/b/a BRIDGE CITY ORDNANCE, ELIEZER )<br>JIMENEZ, GUN OWNERS OF AMERICA, INC., )<br>and GUN OWNERS FOUNDATION, )<br>)<br>) <br>    Plaintiffs, )<br>)<br>          v. )<br>)<br>BUREAU OF ALCOHOL, TOBACCO, )<br>FIREARMS AND EXPLOSIVES; UNITED )<br>STATES DEPARTMENT OF JUSTICE; and )<br>GARY M. RESTAINO AS THE ACTING )<br>DIRECTOR OF ATF, )<br>)<br>    Defendants. )<br>)<br>_____) | Case No. _____ |

## AFFIDAVIT OF TANNER MOREHOUSE

1. My name is Tanner Morehouse. I am the Owner of Morehouse Enterprises, LLC d/b/a Bridge City Ordinance, which is headquartered in Valley City, North Dakota, within Barnes County.

2. I am an adult male resident of North Dakota, a citizen of the United States of America, and a member of Gun Owners of America, Inc.

3. My company, Morehouse Enterprises, LLC d/b/a Bridge City Ordnance, has a Type 01 Federal Firearms License ("FFL"), issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The company is also a Class 3 Special Occupational Taxpayer, allowing us to deal in National Firearms Act ("NFA") regulated firearms.

Exhibit "27"

4. Bridge City Ordnance has held these licenses for approximately four (4) years, and we sell a full range of firearms and accessories including a variety of NFA regulated firearms, including short-barreled rifles, suppressors, and short-barreled shotguns.

5. Bridge City Ordnance also provides gunsmithing services and performs customization of firearms, including Cerakoting, painting, installing sights for customers, and similar services.

6. I have read the Final Rule, and understand that it will significantly impact and negatively affect my company.

7. For instance, if a customer brings in a personally made firearm for Bridge City Ordnance to apply a Cerakote finish, typically a process that would take more than one day, I now would be required to engrave that firearm with my FFL information and a serial number, and to keep records of that firearm and its serial number in my books.  This is problematic for several reasons.

8. First, Bridge City Ordinance is not a manufacturer of firearms yet, as I understand federal law, the statutory serialization requirements only apply to manufacturers and importers, not to dealers such as Bridge City Ordinance.

9. Second, Bridge City Ordinance does not offer the engraving services that are now mandated by the Final Rule, meaning we would not be able to offer services and perform work on the privately made firearms of our customers.  In fact, the closest licensed dealer which offers such engraving services is approximately a one-hour drive from our location.  It is simply not feasible from a time and economic perspective for us to arrange to transport or ship a firearm to another location, and then wait several days to receive it back, before finally being allowed to perform minor work on that firearm.

10. Third, I do not wish to incur any potential liability for being required to physically engrave someone's firearm, which could either cause damage to that firearm (depending on the method of

engraving or, for example, as a byproduct of pressing a metal serial number plate into otherwise malleable polymer) or worse, may cause that firearm to have a malfunction ending in injury.

11. Obviously, I do not want to be responsible for damaging a firearm or causing an injury to a customer, as a result of being forced by the Final Rule to perform a task that no federal law requires me to perform.

12. Additionally, the Final Rule would require me to log the newly-minted serial number of a privately made firearm into my FFL inventory and records, simply in order for me to apply a coating on it. This, of course would necessitate additional recordkeeping, and it would also increase the chances of paperwork errors, such as accidentally mistranscribing a serial number.

13. The Final Rule will also require my business, as an FFL, to store its business records *forever*. Currently, we are only required to keep business records for 20 years.

14. Although we have not yet been in business for 20 years, we currently maintain paper copies of various records that we are required by law to maintain, including Forms 4473. Over time, the volume of these physical records becomes significant. Being required to maintain these records *forever* will require an ever-increasing amount of physical space in our store, which could otherwise be used for profitable business purposes, such as maintaining additional inventory.

15. Additionally, by prior current ATF regulation, we only were required to retain Form 4473s, with respect to when a transfer did not place, for five years. However, the Final Rule completely removes the limit, requiring us to keep these additional Form 4473s, on *transfers that did not take place*, forever. To my knowledge, there is no legitimate reason to mandate that we indefinitely keep records on a sale that *did not occur*.

16. Finally, if we ever were to go out of business, the Final Rule would require us to send our out of business records to the ATF, including all the records above that, prior to the Final Rule,

could be disposed of. We do not wish to be required to maintain these additional records, and required to send them to the federal government, regarding the lawful Second Amendment activity of our customers, when such requirements contained in the Final Rule are contrary to law.

17. To sum up, the Final Rule would make it increasingly more difficult, costly, and risky to operate as an FFL.

18. On the other hand, nothing in the Final Rule can reasonably be expected to affect the problem of gun violence, or do anything to stop illegal usage of firearms.

19. What the Final Rule will do, though, is make it more difficult and less profitable to run a gun store, and to help Americans exercise of the Second Amendment rights to keep and bear arms.

I, Tanner Morehouse, certify under penalty of perjury that the foregoing is true and correct.

07-01-2022
DATE

TANNER MOREHOUSE