OMB No. 1140-0020

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Firearms Transaction Record

| | |
|---|---|
| **WARNING:** You may not receive a firearm if prohibited by Federal or State law. The information you provide will be used to determine whether you are prohibited from receiving a firearm. Certain violations of the Gun Control Act, 18 U.S.C. 921 et. seq., are punishable by up to 10 years imprisonment and/or up to a $250,000 fine.<br><br>Read the Notices, Instructions, and Definitions on this form. Prepare in original only at the licensed premises *("licensed premises" includes business temporarily conducted from a qualifying gun show or event in the same State in which the licensed premises is located)* unless the transaction qualifies under 18 U.S.C. 922(c). All entries must be handwritten in ink. **"PLEASE PRINT."** | Transferor's/ Seller's Transaction Serial Number *(If any)* |

**Section A - Must Be Completed Personally By Transferee/Buyer**

1. Transferee's/Buyer's Full Name *(If legal name contain an initial only, record "IO" after the initial. If no middle initial or name, record "NMN".)*
Last Name *(Including suffix (e.g., Jr, Sr, II, III))* | First Name | Middle Name

2. Current State of Residence and Address **(U.S. Postal abbreviations are acceptable. Cannot be a post office box.)**
Number and Street Address | City | County | State | ZIP Code

3. Place of Birth
U.S. City and State  **-OR-**  Foreign Country
4. Height Ft. In.
5. Weight *(LBs.)*
6. Sex ☐ Male ☐ Female
7. Birth Date Month | Day | Year

8. Social Security Number *(Optimal, but will help prevent misidentification)*
9. Unique Personal Identification Number *(UPIN)* if applicable *(See Instructions for Question 9.)*

10.a. Ethnicity
☐ Hispanic or Latino
☐ Not Hispanic or Latino

10.b. Race *(In addition to ethnicity, select one or more race in 10.b. Both 10.a. and 10.b. must be answered.)*
☐ American Indian or Alaska Native   ☐ Black or African American   ☐ White
☐ Asian   ☐ Native Hawaiian or Other Pacific Islander

11. Answer the following questions by checking or marking **"yes"** or **"no"** in the boxes to the right of the questions.

| | Yes | No |
|---|---|---|
| a. Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.** *Exception: If you are picking up a repaired firearm(s) for another person, you are **not** required to answer 11.a. and may proceed to question 11.b. (See Instructions for Question 11.a.)* | ☐ | ☐ |
| b. Are you under indictment or information in any court for a **felony**, or any other crime for which the judge could imprison you for more than one year? *(See Instructions for Question 11.b.)* | ☐ | ☐ |
| c. Have you ever been convicted in any court of a **felony**, or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation? *(See Instructions for Question 11.c.)* | ☐ | ☐ |
| d. Are you a fugitive from justice? *(See Instructions for Question 11.d.)* | ☐ | ☐ |
| e. Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance? **Warning:** The use or possession of marijuana remains unlawful under Federal law regardless of whether it has been legalized or decriminalized for medicinal or recreational purposes in the state where you reside. | ☐ | ☐ |
| f. Have you ever been adjudicated as a mental defective **OR** have you ever been committed to a mental institution? *(See Instructions for Question 11.f.)* | ☐ | ☐ |
| g. Have you been discharged from the Armed Forces under **dishonorable** conditions? | ☐ | ☐ |
| h. Are you subject to a court order restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner? *(See Instructions for Question 11.h.)* | ☐ | ☐ |
| i. Have you ever been **convicted** in any court of a misdemeanor crime of domestic violence? *(See Instructions for Question 11.i.)* | ☐ | ☐ |

12.a. Country of Citizenship: *(Check/List more than one, if applicable. Nationals of the United States may check U.S.A.)*
☐ United States of America *(U.S.A.)*   ☐ Other Country/Countries *(Specify)*

| | Yes | No |
|---|---|---|
| 12.b. Have you ever renounced your United States citizenship? | ☐ | ☐ |
| 12.c. Are you an alien **illegally** or **unlawfully** in the United States? | ☐ | ☐ |
| 12.d.1. Are you an alien who has been admitted to the United States under a nonimmigrant visa? *(See Instructions for Question 12.d.)* | ☐ | ☐ |
| 12.d.2. If "yes", do you fall within any of the exceptions stated in the instructions?   ☐ N/A | ☐ | ☐ |

13. If you are an alien, record your U.S.-Issued Alien or Admission number *(AR#, USCIS#, or I94#)*:

Previous Editions Are Obsolete

Page 1 of 6

Transferee/Buyer Continue to Next Page
**STAPLE IF PAGES BECOME SEPARATED**

Exhibit "31"

ATF E-Form 4473 (5300.9)
Revised October 2016

I certify that my answers in Section A are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering "yes" to question 11.a. if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I understand that a person who answers "yes" to any of the questions 11.b. through 11.i and/or 12.b. through 12.c. is prohibited from purchasing or receiving a firearm. I understand that a person who answers "yes" to question 12.d.1. is prohibited from receiving or possessing a firearm, unless the person answers "yes" to question 12.d.2. and provides the documentation required in 18.c. I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I further understand that the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of Federal law. *(See Instructions for Question 14.)*

| 14. Transferee's/Buyer's Signature | 15. Certification Date |
|---|---|
|  |  |

### Section B - Must Be Completed By Transferor/Seller

| 16. Type of firearm(s) to be transferred *(check or mark all that apply)*: | 17. If transfer is at a qualifying gun show or event: |
|---|---|
| ☐ Handgun   ☐ Long Gun *(rifles or shotguns)*   ☐ Other Firearm *(frame, receiver, etc, See Instructions for Question 16.)* | Name of Function: _____  City, State: _____ |

18.a. Identification *(e.g., Virginia Driver's license (VA DL) or other valid government-issued photo identification.)* (See Instructions for Question 18.a.)

| Issuing Authority and Type of Identification | Number on Identification | Expiration Date of Identification *(if any)* |||
|---|---|---|---|---|
|  |  | Month | Day | Year |

18.b. Supplemental Government Issued Documentation *(if identification document does not show current residence address) (See Instructions for Question 18.b.)*

18.c. Exception to the Nonimmigrant Alien Prohibition: If the transferee/buyer answered "YES" to 12.d.2. the transferor/seller must record the type of documentation showing the exception to the prohibition and attach a copy to this ATF Form 4473. *(See Instructions for Question 18.c.)*

**Questions 19, 20, or 21 Must Be Completed Prior To The Transfer Of The Firearm(s)** *(See Instructions for Questions 19, 20 and 21.)*

| 19.a. Date the transferee's/buyer's identifying information in Section A was transmitted to NICS or the appropriate State agency: | 19.b. The NICS or State transaction number *(if provided)* was: |
|---|---|
| Month   Day   Year |  |

| 19.c. The response initially (first) provided by NICS or the appropriate State agency was: | 19.d. The following response(s) was/were later received from NICS or the appropriate State agency: |
|---|---|
| ☐ Proceed   ☐ Delayed   ☐ Denied   ☐ Cancelled   *[The firearm(s) may be transferred on _____ if State law permits (optional)]* | ☐ Proceed _____ *(date)*   ☐ Denied _____ *(date)*   ☐ Cancelled _____ *(date)*   ☐ Overturned   ☐ No response was provided within 3 business days. |

19.e. *(Complete if applicable.)* After the firearm was transferred, the following response was received from NICS or the appropriate State agency on: _____ *(date).*   ☐ Proceed   ☐ Denied   ☐ Cancelled

| 19.f. The name and Brady identification number of the NICS examiner. *(Optional)* | 19.g. Name of FFL Employee Completing NICS check. *(Optional)* |
|---|---|
| _____ (name)   _____ (number) |  |

20. ☐ No NICS check was required because a background check was completed during the NFA approval process on the individual who will receive the NFA firearm(s), as reflected on the approved NFA application. *(See Instructions for Question 20.)*

21. ☐ No NICS check was required because the transferee/buyer has a valid permit from the Sate where the transfer is to take place, which qualifies as an exemption to NICS. *(See Instructions for Question 21.)*

| Issuing State and Permit Type | Date of Issuance *(if any)* | Expiration Date *(if any)* | Permit Number *(if any)* |
|---|---|---|---|
|  |  |  |  |

### Section C - Must Be Completed Personally By Transferee/Buyer

If the transfer of the firearm(s) takes place on a different day from the date that the transferee/buyer signed Section A, the transferee/buyer must complete Section C immediately prior to the transfer of the firearm(s). *(See Instructions for Question 22 and 23.)*

I certify that my answers to the questions in Section A of this form are still true, correct, and complete.

| 22. Transferee's/Buyer's Signature | 23. Recertification Date |
|---|---|
|  |  |

**Transferor/Seller Continue to Next Page**
**STAPLE IF PAGES BECOME SEPARATED**

ATF E-Form 4473 (5300.9)
Revised October 2016

**Section D - Must Be Completed By Transferor/Seller Even If The Firearm(s) is Not Transferred**

| 24. Manufacturer and Importer *(If any) (If the manufacturer and importer are different, the FFL must include both.)* | 25. Model *(If Designated)* | 26. Serial Number | 27. Type *(See Instructions for Question 27.)* | 28. Caliber or Gauge |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |

**REMINDER - By the Close of Business Complete ATF Form 3310.4 For Multiple Purchases of Handguns Within 5 Consecutive Business Days**

| 29. Total Number of Firearms Transferred *(Please handwrite by printing e.g., zero, one, two, three, etc.* **Do not use numerals.***)* | 30. Check if any part of this transaction is a pawn redemption. ☐ Line Number(s) From Question 24 Above: |
|---|---|
| 31. For Use by Licensee *(See Instructions for Question 31.)* | 32. Check if this transaction is to facilitate a private part transfer. ☐ *(See Instructions for Question 32.)* |

33. Trade/corporate name and address of transferor/seller and Federal Firearm License Number *( Must contain at least first three and last five digits of FFL Number X-XX-XXXXX.) (Hand stamp may be used.)*

**The Person Transferring The Firearm(s) Must Complete Questions 34-37.**
**For Denied/Cancelled Transactions, the Person Who Completed Section B Must Complete Questions 34-36.**

I certify that: (1) I have read and understand the Notices, Instructions, and Definitions on this ATF Form 4473; (2) the information recorded in Sections B and D is true, correct, and complete; and (3) this entire transaction record has been completed at my licensed business premises ("licensed premises" includes business temporarily conducted from a qualifying gun show or event in the same State in which the licensed premises is located) unless this transaction has met the requirements of 18 U.S.C. 922(c). Unless this transaction has been denied or cancelled, I further certify on the basis of — (1) the transferee's/buyer's responses in Section A (and Section C, if applicable); (2) my verification of the identification recorded in question 18 (and my re-verification at the time of transfer, *if Section C was completed)*; and (3) State or local law applicable to the firearms business — it is my belief that it is not unlawful for me to sell, deliver, transport, or otherwise dispose of the firearm(s) listed on this form to the person identified in Section A.

| 34. Transferor's/Seller's Name **(Please print)** | 35. Transferor's/Seller's Signature | 36. Transferor's/Seller's Title | 37. Date Transferred |
|---|---|---|---|
| | | | |

### NOTICES, INSTRUCTIONS, AND DEFINITIONS

**Purpose of the Form:** The information and certification on this form are designed so that a person licensed under 18 U.S.C. 923 may determine if he/she may lawfully sell or deliver a firearm to the person identified in Section A, and to alert the transferee/buyer of certain restrictions on the receipt and possession of firearms. The transferor/seller of a firearm must determine the lawfulness of the transaction and maintain proper records of the transaction. Consequently, the transferor/seller must be familiar with the provisions of 18 U.S.C. 921-931 and the regulations in 27 CFR Parts 478 and 479. In determining the lawfulness of the sale or delivery of a rifle or shotgun to a resident of another State, the transferor/seller is presumed to know the applicable State laws and published ordinances in both the transferor's/seller's State and the transferee's/buyer's State. *(See ATF Publication 5300.5, State Laws and Published Ordinances.)*

Generally, ATF Form 4473 must be completed at the licensed business premises when a firearm is transferred over-the-counter. Federal law, 18 U.S.C. 922(c), allows a licensed importer, manufacturer, or dealer to sell a firearm to a nonlicensee who does not appear in person at the licensee's business premises only if the transferee/buyer meets certain requirements. These requirements are set forth in section 922(c), 27 CFR 478.96(b), and ATF Procedure 2013-2.

After the transferor/seller has completed the firearms transaction, he/she must make the completed, original ATF Form 4473 *(which includes the Notices, General Instructions, and Definitions)*, and any supporting documents, part of his/ her permanent records. Such Forms 4473 must be retained for at least 20 years and after that period may be submitted to ATF. Filing may be chronological *(by date of disposition)*, alphabetical *(by name of purchaser)*, or numerical *(by transaction serial number)*, as long as all of the transferor's/seller's completed Forms 4473 are filed in the same manner.

FORMS 4473 FOR DENIED/CANCELLED TRANSFERS MUST BE RETAINED: If the transfer of a firearm is denied/cancelled by NICS, or if for any other reason the transfer is not completed after a NICS check is initiated, the licensee must retain the ATF Form 4473 in his/her records for at least 5 years. Forms 4473 with respect to which a sale, delivery, or transfer did not take place shall be separately retained in alphabetical *(by name of transferee)* or chronological *(by date of transferee's certification)* order.

If the transferor/seller or the transferee/buyer discovers that an ATF Form 4473 is incomplete or improperly completed after the firearm has been transferred, and the transferor/seller or the transferee/buyer wishes to correct the omission(s) or error(s), photocopy the inaccurate form and make any necessary additions or revisions to the photocopy. The transferor/seller should only make changes to Sections B and D. The transferee/buyer should only make changes to Section A and C. Whoever made the changes should initial and date the changes. The corrected photocopy should be attached to the original Form 4473 and retained as part of the transferor's/seller's permanent records.

**Exportation of Firearms:** The State or Commerce Departments may require a firearms exporter to obtain a license prior to export. **Warning:** Any person who exports a firearm without proper authorization may be fined not more than $1,000,000 and/or imprisoned for not more than 20 years. See 22 U.S.C. 2778(c).

### Section A

The transferee/buyer must personally complete Section A of this form and certify *(sign)* that the answers are true, correct, and complete. However, if the transferee/buyer is unable to read and/or write, the answers *(other than the signature)* may be completed by another person, excluding the transferor/seller. Two persons *(other than the transferor/seller)* must then sign as witnesses to the transferee's/buyer's answers and signature/certification in question 14.

ATF E-Form 4473 (5300.9)
Revised October 2016

When the transferee/buyer of a firearm is a corporation, company, association, partnership, or other such business entity, an officer authorized to act on behalf of the business must complete Section A of the form with his/her personal information, sign Section A, and attach a written statement, executed under penalties of perjury, stating: (A) the firearm is being acquired for the use of and will be the property of that business entity; and (B) the name and address of that business entity.

**Question 1.** If the transferee's/buyer's name in question 1 is illegible, the transferor/seller must print the transferee's/buyer's name above the name written by the transferee/buyer.

**Question 2. Current Residence Address:** A rural route (RR) may be accepted provided the transferee/buyer lives in a State or locality where it is considered a legal residence address. County and Parish are one and the same.

If the transferee/buyer is a member of the Armed Forces on active duty, his/her State of residence is the State in which his/her permanent duty station is located. If the service member is acquiring a firearm in a State where his/her permanent duty station is located, but resides in a different State, the transferee/buyer must list both his/her permanent duty station address and his/her residence address in response to question 2. If the transferee/buyer has two States of residence, the transferee/buyer should list his/her current residence address in response to question 2 *(e.g., if the transferee/buyer is purchasing a firearm while staying at his/her weekend home in State X, he/she should list the address in State X in response to question 2)*.

**Question 9. Unique Personal Identification Number (UPIN):** For transferees/buyers approved to have information maintained about them in the FBI NICS Voluntary Appeal File, NICS will provide them with a UPIN, which the transferee/buyer should record in question 9. The licensee should provide the UPIN when conducting background checks through the NICS or the State POC.

**Question 10.a. and 10.b.** Federal regulations (27 CFR 478.124(c)(1)) require licensees to obtain the race of the transferee/buyer. This information helps the FBI and/or State POC make or rule out potential matches during the background check process and can assist with criminal investigations. Pursuant to Office of Management and Budget (OMB), effective January 1, 2003, all Federal agencies requiring collection of race and ethnicity information on administrative forms and records, were required to collect this information in a standard format. (See 62 FR 58782) The standard OMB format consists of two categories for data on ethnicity: "Hispanic or Latino," and "Not Hispanic or Latino" and five categories for data on race: American Indian or Alaska Native, Asian, Black or African American, Native Hawaiian or Other Pacific Islander, and White.

Ethnicity refers to a person's heritage. Persons of Cuban, Mexican, Puerto Rican, South or Central American, or other Spanish culture or origin, regardless of race, are considered Hispanic or Latino.

**Race** - one or more of the following responses must be selected: (1) American Indian or Alaska Native - A person having origins in any of the original peoples of North and South America (including Central America), and who maintains a tribal affiliation or community attachment; (2) Asian - A person having origins in any of the original peoples of the Far East, Southeast Asia, or the Indian subcontinent including, for example, Cambodia, China, India, Japan, Korea, Malaysia, Pakistan, the Philippine Islands, Thailand, and Vietnam; (3) Black or African American - A person having origins in any of the Black racial groups of Africa; (4) Native Hawaiian or Other Pacific Islander - A person having origins in any of the original peoples of Hawaii, Guam, Samoa, or other Pacific Islands; and (5) White - A person having origins in any of the original peoples of Europe, the Middle East, or North Africa. Any other race or ethnicity that does not fall within those indicated, please select the closest representation.

**Question 11.a. Actual Transferee/Buyer:** For purposes of this form, a person is the actual transferee/buyer if he/she is purchasing the firearm for him/herself or otherwise acquiring the firearm for him/herself. *(e.g., redeeming the firearm from pawn, retrieving it from consignment, firearm raffle winner)*. A person is also the actual transferee/buyer if he/she is legitimately purchasing the firearm as a bona fide gift for a third party. A gift is not bona fide if another person offered or gave the person completing this form money, service(s), or item(s) of value to acquire the firearm for him/her, or if the other person is prohibited by law from receiving or possessing the firearm.

**Actual TRANSFEREE/buyer examples:** Mr. Smith asks Mr. Jones to purchase a firearm for Mr. Smith *(who may or may not be prohibited)*. Mr. Smith gives Mr. Jones the money for the firearm. Mr. Jones is **NOT THE**

Page 4 of 6

**ACTUAL TRANSFEREE/BUYER** of the firearm and must answer **"NO"** to question 11.a. The licensee may not transfer the firearm to Mr. Jones. However, if Mr. Brown buys the firearm with his own money to give to Mr. Black as a gift *(with no service or tangible thing of value provided by Mr. Black)*, Mr. Brown is the actual transferee/buyer of the firearm and should answer **"YES"** to question 11.a. However, the transferor/seller may not transfer a firearm to any person he/she knows or has reasonable cause to believe is prohibited under 18 U.S.C. 922(g), (n) or (x).
**EXCEPTION:** If a person is picking up a repaired firearm(s) for another person, he/she is not required to answer 11.a. and may proceed to question 11.b.

**Question 11.b. - 12.** Generally, 18 U.S.C. 922(g) prohibits the shipment, transportation, receipt, or possession in or affecting interstate commerce of a firearm by one who: has been convicted of a felony in any Federal, State or local court, or any other crime, punishable by imprisonment for a term exceeding one year *(this does not include State misdemeanors punishable by imprisonment of two years or less)*; is a fugitive from justice; is an unlawful user of, or addicted to, marijuana or any depressant, stimulant, or narcotic drug, or any other controlled substance; has been adjudicated as a mental defective or has been committed to a mental institution; has been discharged from the Armed Forces under dishonorable conditions; is subject to certain restraining orders; convicted of a misdemeanor crime of domestic violence under Federal, State or Tribal law; has renounced his/her U.S. citizenship; is an alien illegally in the United States or an alien admitted to the United States under a nonimmigrant visa. Furthermore, section 922(n) prohibits the shipment, transportation, or receipt in or affecting interstate commerce of a firearm by one who is under indictment or information for a felony in any Federal, State or local court, or any other crime, punishable by imprisonment for a term exceeding one year. An information is a formal accusation of a crime verified by a prosecutor.

A member of the Armed Forces must answer "yes" to 11.b. or 11.c. if charged with an offense that was either referred to a General Court Martial, or at which the member was convicted. Discharged "under dishonorable conditions" means separation from the Armed Forces resulting from a dishonorable discharge or dismissal adjudged by a General Court-Martial. That term does not include any other discharge or separation from the Armed Forces.

***EXCEPTION*:** A person who has been convicted of a felony, or any other crime, for which the judge could have imprisoned the person for more than one year, or who has been convicted of a misdemeanor crime of domestic violence, is not prohibited from purchasing, receiving, or possessing a firearm if: (1) under the law of the jurisdiction where the conviction occurred, the person has been pardoned, the conviction has been expunged or set aside, or the person has had their civil rights *(the right to vote, sit on a jury, and hold public office)* taken away and later restored, AND (2) the person is not prohibited by the law of the jurisdiction where the conviction occurred from receiving or possessing firearms. Persons subject to this exception, or who receive relief from disabilities under 18 U.S.C. 925(c), should answer "no" to the applicable question.

**Question 11.d. Fugitive from Justice:** Any person who has fled from any State to avoid prosecution for a felony or a misdemeanor; or any person who leaves the State to avoid giving testimony in any criminal proceeding. The term also includes any person who knows that misdemeanor or felony charges are pending against such person and who leaves the State of prosecution.

**Question 11.f. Adjudicated as a Mental Defective:** A determination by a court, board, commission, or other lawful authority that a person, as a result of marked subnormal intelligence, or mental illness, incompetency, condition, or disease: (1) is a danger to himself or to others; or (2) lacks the mental capacity to contract or manage his own affairs. This term shall include: (1) a finding of insanity by a court in a criminal case; and (2) those persons found incompetent to stand trial or found not guilty by reason of lack of mental responsibility.

**Committed to a Mental Institution:** A formal commitment of a person to a mental institution by a court, board, commission, or other lawful authority. The term includes a commitment to a mental institution involuntarily. The term includes commitment for mental defectiveness or mental illness. It also includes commitments for other reasons, such as for drug use. The term does not include a person in a mental institution for observation or a voluntary admission to a mental institution.

***EXCEPTION*:** Under the NICS Improvement Amendments Act of 2007, a person who has been adjudicated as a mental defective or committed to a mental institution in a State proceeding is not prohibited by the adjudication or commitment if

ATF E-Form 4473 (5300.9)
Revised October 2016

the person has been granted relief by the adjudicating/committing State pursuant to a qualifying mental health relief from disabilities program. Also, a person who has been adjudicated as a mental defective or committed to a mental institution by a department or agency of Federal Government is not prohibited by the adjudication or commitment if either: (a) the person's adjudication or commitment was set-aside or expunged by the adjudicating/committing agency; (b) the person has been fully released or discharged from all mandatory treatment, supervision, or monitoring by the agency; (c) the person was found by the agency to no longer suffer from the mental health condition that served as the basis of the initial adjudication/commitment; or (d) the adjudication or commitment, respectively, is based solely on a medical finding of disability, without an opportunity for a hearing by a court, board, commission, or other lawful authority, and the person has not been adjudicated as a mental defective consistent with section 922(g)(4) of title 18, United States Code; (e) the person was granted relief from the adjudicating/committing agency pursuant to a qualified mental health relief from disabilities program. **Persons who fall within one of the above exceptions should answer "no" to question 11.f.** This exception to an adjudication or commitment by a Federal department or agency does **not** apply to any person who was adjudicated to be not guilty by reason of insanity, or based on lack of mental responsibility, or found incompetent to stand trial, in any criminal case or under the Uniform Code of Military Justice.

**Question 11.h. Qualifying Restraining Orders:** Under 18 U.S.C. 922, firearms may not be sold to or received by persons subject to a court order that: (A) was issued after a hearing which the person received actual notice of and had an opportunity to participate in; (B) restrains such person from harassing, stalking, or threatening an intimate partner or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury. An "intimate partner" of a person is: the spouse or former spouse of the person, the parent of a child of the person, or an individual who cohabitates or has cohabitated with the person.

**Question 11.i. Misdemeanor Crime of Domestic Violence:** A Federal, State, local, or tribal offense that is a misdemeanor under Federal, State, or tribal law and has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabitating with, or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim. The term includes all misdemeanors that have as an element the use or attempted use of physical force or the threatened use of a deadly weapon *(e.g., assault and battery)*, if the offense is committed by one of the defined parties. *(See Exception to 11.b. - 12.)* A person who has been convicted of a misdemeanor crime of domestic violence also is not prohibited unless: (1) the person was represented by a lawyer or gave up the right to a lawyer; or (2) if the person was entitled to a jury, was tried by a jury, or gave up the right to a jury trial. Persons subject to this exception should answer "**no**" to 11.i.

**Question 12.d. Immigration Status:** An alien admitted to the United States under a nonimmigrant visa includes, among others, persons visiting the United States temporarily for business or pleasure, persons studying in the United States who maintain a residence abroad, and certain temporary foreign workers. These aliens must answer "yes" to this question and provide the additional documentation required under question 18.c. Permanent resident aliens and aliens legally admitted to the United States pursuant to either the Visa Waiver Program or to regulations otherwise exempting them from visa requirements may answer "no" to this question and are not required to submit the additional documentation under question 18.c.

**Question 13. U.S.-issued Alien Number or Admission Number:** U.S.-issued alien and admission numbers may be found on the following U.S. Department of Homeland Security documents: Legal Resident Card or Employment Authorization Card (AR# or USCIS#); Arrival/Departure Record, Form I94, or Form 797A (I94#). Additional information can be obtained from www.cbp.gov. If you are a U.S. citizen or U.S. national then this question should be left blank.

**Question 14.** Under 18 U.S.C. 922(a)(1), it is unlawful for a person to engage in the business of dealing in firearms without a license. A person is engaged in the business of dealing in firearms if he/she devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms. A license is not required of a person who only makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his/her personal collection of firearms.

**Section B**

**Question 16. Type of Firearm(s):** "Other" refers to frames, receivers and other firearms that are neither handguns nor long guns (rifles or shotguns), such as firearms having a pistol grip that expel a shotgun shell, or National Firearms Act (NFA) firearms, including silencers.

If a frame or receiver can only be made into a long gun *(rifle or shotgun)*, it is still a frame or receiver not a handgun or long gun. However, frames and receivers are still "firearms" by definition, and subject to the same GCA limitations as any other firearms. See Section 921(a)(3)(B). Section 922(b)(1) makes it unlawful for a licensee to sell any firearm other than a shotgun or rifle to any person under the age of 21. Since a frame or receiver for a firearm, to include one that can only be made into a long gun, is a "firearm other than a shotgun or rifle," it cannot be transferred to anyone under the age of 21, nor can these firearms be transferred to anyone who is not a resident of the State where the transfer is to take place. Also, note that multiple sales forms are not required for frames or receivers of any firearms, or pistol grip shotguns, since they are not "pistols or revolvers" under Section 923(g)(3)(A).

**Question 17. Qualifying Gun Show or Event:** As defined in 27 CFR 478.100, a gun show or event is a function sponsored by any national, State, or local organization, devoted to the collection, competitive use, or other sporting use of firearms, or an organization or association that sponsors functions devoted to the collection, competitive use, or other sporting use of firearms in the community.

**Question 18.a. Identification:** Before a licensee may sell or deliver a firearm to a nonlicensee, the licensee must establish the identity, place of residence, and age of the transferee/buyer. The transferee/buyer **must** provide a valid government-issued photo identification document to the transferor/seller that contains the transferee's/buyer's name, residence address, and date of birth. A driver's license or an identification card issued by a State in place of a license is acceptable. Social Security cards are not acceptable because no address, date of birth, or photograph is shown on the cards. A combination of government-issued documents may be provided. See instructions for question 18.b. Supplemental Documentation.
If the transferee/buyer is a member of the Armed Forces on active duty acquiring a firearm in the State where his/her permanent duty station is located, but he/she has a driver's license from another State, the transferor/seller should list the transferee's/buyer's military identification card and official orders showing where his/her permanent duty station is located in response to question 18.a. Licensees may accept electronic PCS orders to establish residency.

**Question 18.b. Supplemental Documentation:** Licensees may accept a combination of valid government-issued documents to satisfy the identification document requirements of the law. The required valid government-issued photo identification document bearing the name, photograph, and date of birth of transferee/buyer may be supplemented by another valid, government-issued document showing the transferee's/buyer's residence address. This supplemental documentation should be recorded in question 18.b., with the issuing authority and type of identification presented. For example, if the transferee/buyer has two States of residence and is trying to buy a handgun in State X, he may provide a driver's license *(showing his name, date of birth, and photograph)* issued by State Y and another government-issued document *(such as a tax document)* from State X showing his residence address. A valid electronic document from a government website may be used as supplemental documentation provided it contains the transferee's/buyer's name and current residence address.

**Question 18.c. Exceptions to the Nonimmigrant Alien Prohibition and Acceptable Documentation:** An alien admitted to the United States under a nonimmigrant visa is not prohibited from purchasing, receiving, or possessing a firearm if the alien: (1) is in possession of a hunting license or permit lawfully issued by the Federal Government, a State or local government, or an Indian tribe federally recognized by the Bureau of Indian Affairs, which is valid and unexpired; (2) was admitted to the United States for lawful hunting or sporting purposes; (3) has received a waiver from the prohibition from the Attorney General of the United States; (4) is an official representative of a foreign government who is accredited to the United States Government or the Government's mission to an international organization having its

headquarters in the United States; (5) is an official representative of a foreign government who is en route to or from another country to which that alien is accredited; (6) is an official of a foreign government or a distinguished foreign visitor who has been so designated by the Department of State; or (7) is a foreign law enforcement officer of a friendly foreign government entering the United States on official law enforcement business.

**Question 19.  NICS BACKGROUND CHECKS:**  18 U.S.C. 922(t) requires that prior to transferring any firearm to an unlicensed person, a licensed importer, manufacturer, or dealer must first contact the National Instant Criminal Background Check System (NICS).  NICS will advise the licensee whether the system finds any information that the purchaser is prohibited by law from possessing or receiving a firearm.  For purposes of this form, contacts to NICS include State agencies designated as points-of-contact ("or POCs") to conduct NICS checks for the Federal Government.

The licensee should NOT contact NICS and must stop the transaction if there is reasonable cause to believe that the transferee/buyer is prohibited from receiving or possessing a firearm, including if: the transferee/buyer answers "no" to question 11.a.; the transferee/buyer answers "yes" to any question in 11.b. - 11.i. or 12.b. - 12.c.; the transferee/buyer has answered "yes" to question 12.d.l., and answered "no" to question 12.d.2.; or the transferee/buyer cannot provide the documentation required by questions 18.a, b, or c.  **WARNING:**  Any person who transfers a firearm to any person he/she knows or has reasonable cause to believe is prohibited from receiving or possessing a firearm violates the law, even if the transferor/seller has complied with the Federal background check requirements.

At the time that NICS is contacted, the licensee must record in question 19.a. - 19.c.: the date of contact, the NICS *(or State)* transaction number, and the initial (first) response provided by NICS or the State.  The licensee may record the date the firearms may be transferred to the transferee/buyer (also known as the Missing Disposition Information (MDI) date) in 19.c. that NICS provides for delayed transactions *(States may not provide this date)*.  If the licensee receives any subsequent response(s) before transferring the firearm, the licensee must record in question 19.d. any response later provided by NICS or the State, or that no response was provided within 3 business days.  If the transaction was denied and later overturned in addition to checking the "Proceed" and entering the date, the licensee must also check the "Overturned" box and, if provided,  attach the overturn certificate issued by NICS or the State POC to the ATF Form 4473.  If the licensee receives a response from NICS or the State after the firearm has been transferred, he/she must record this information in question 19.e.  **Note:**  States acting as points of contact for NICS checks may use terms other than "*proceed,"* "*delayed,"* "*cancelled,"* or "*denied."*  In such cases, the licensee should check the box that corresponds to the State's response.  Some States may not provide a transaction number for denials.  However, if a firearm is transferred within the three business day period, a transaction number is required.

**NICS responses**:  If NICS provides a "*proceed"* response, the transaction may proceed.  If NICS provides a "*cancelled"* or "*denied"* response, the transferor/seller is prohibited from transferring the firearm to the transferee/buyer.  If NICS provides a "*delayed"* response, the transferor/seller is prohibited from transferring the firearm unless 3 business days have elapsed and, before the transfer, NICS or the State has not advised the transferor/seller that the transferee's/buyer's receipt or possession of the firearm would be in violation of law.  (See 27 CFR 478.102(a) for an example of how to calculate 3 business days.)  If NICS provides a "*delayed"* response, NICS also will provide a Missing Disposition Information (MDI) date that calculates the 3 business days and reflects when the firearm(s) can be transferred under Federal law.  States may not provide an MDI date.  *State law may impose a waiting period on transferring firearms.*

**Questions 20 and 21.  NICS Exceptions**:  A NICS check is not required if the transfer qualifies for any of the exceptions in 27 CFR  478.102(d).  Generally these include:  (a) transfers of National Firearms Act firearms to an individual who has undergone a background check during the NFA approval process; (b) transfers where the transferee/buyer has presented the licensee with a permit or license that allows the transferee/buyer to possess, acquire, or carry a firearm, and the permit has been recognized by ATF as a valid alternative to the NICS check requirement; or (c) transfers certified by ATF as exempt because compliance with the NICS check requirements is impracticable.  If the transfer qualifies for one of these exceptions, the licensee must obtain the documentation required by 27 CFR 478.131.  A firearm must **not** be transferred to any transferee/buyer who fails to provide such documentation.

A NICS check must be conducted if an NFA firearm has been approved for transfer to a trust, or to a legal entity such as a corporation, and no background check was conducted as part of the NFA approval process on the individual who will receive the firearm.  Individuals who have undergone a background check during the NFA application process are listed on the approved NFA transfer form.

### Section C
**Questions 22 and 23. Transfer on a Different Day and Recertification:**  If the transfer takes place on a different day from the date that the transferee/buyer signed Section A, the licensee must again check the photo identification of the transferee/buyer at the time of transfer.

### Section D

**Question 24-28.  Firearm(s) Description:**  These blocks must be completed with the firearm(s) information.  Firearms manufactured after 1968 by Federal firearms licensees should all be marked with a serial number.  Should you acquire a firearm that is legally not marked with a serial number (i.e. pre-1968); you may answer question 26 with "NSN" (No Serial Number), "N/A" or "None."

If more than four firearms are involved in a transaction, the information required by Section D, questions 24-28, must be provided for the additional firearms on a separate sheet of paper, which must be attached to this ATF Form 4473.

**Types of firearms include, but are not limited to**: pistol, revolver, rifle, shotgun, receiver, frame and other firearms that are neither handguns nor long guns (rifles or shotguns), such as firearms having a pistol grip that expel a shotgun shell (pistol grip firearm) or NFA firearms (machinegun, silencer, short-barreled shotgun, short-barreled rifle, destructive device or "any other weapon").

Additional firearms purchases by the same transferee/buyer may not be added to the form after the transferor/seller has signed and dated it.  A transferee/buyer who wishes to acquire additional firearms after the transferor/seller has signed and dated the form must complete a new ATF Form 4473 and undergo a new NICS check.

**Question 31.**  This item is for the licensee's use in recording any information he/she finds necessary to conduct business.

**Question 32.**  Check this box, or write "Private Party Transfer" in question 31, if the licensee is facilitating the sale or transfer of a firearm between private unlicensed individuals in accordance with ATF Procedure 2013-1.  This will assist the licensee by documenting which transaction records correspond with private party transfers, and why there may be no corresponding A&D entries when the transfer did not proceed because it was denied, delayed, or cancelled.

### Privacy Act Information

Solicitation of this information is authorized under 18 U.S.C. 923(g).  Disclosure of this information by the transferee/buyer is mandatory for the transfer of a firearm.  Disclosure of the individual's Social Security number is voluntary.  The number may be used to verify the transferee's/buyer's identity.

For information about the routine uses of this form see System of Records Notice Justice/ATF-008, Regulatory Enforcement Records System (68 FR 163558, January 24, 2003).

### Paperwork Reduction Act Notice

The information required on this form is in accordance with the Paperwork Reduction Act of 1995.  The purpose of the information is to determine the eligibility of the transferee to receive and possess firearms under Federal law.  The information is subject to inspection by ATF officers and is required by 18 U.S.C. 922 and 923.

The estimated average burden associated with this collection is 30 minutes per respondent or recordkeeper, depending on individual circumstances.  Comments about the accuracy of this burden estimate and suggestions for reducing it should be directed to Reports Management Officer, IT Coordination Staff, Bureau of Alcohol, Tobacco, Firearms and Explosives, Washington, DC 20226.

An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB control number.  Confidentiality is not assured.