## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Morehouse Enterprises, LLC, doing business as Bridge City Ordnance, et al.,  )<br>  )<br>Plaintiffs,  )<br>  )<br>vs.  )<br>  )<br>Bureau of Alcohol, Tobacco, Firearms and  )<br>Explosives, et al.,  )<br>  )<br>Defendants.  ) | Case No. 3:22-cv-116<br><br>**ORDER** |

Plaintiffs Morehouse Enterprises, LLC, doing business as Bridge City Ordnance, Eliezer Jimenez, Gun Owners of America, Inc., and Gun Owners Foundation moved for a preliminary injunction and/or permanent injunction enjoining enforcement of a Final Rule, found at 87 FR 24652, titled "Definition of 'Frame or Receiver' and Identification of Firearms." (Doc. 14; Doc. 19). Defendants Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, and Gary M. Restaino, Acting Director of ATF, move for a sixteen-day extension, until August 24, 2022, to respond to plaintiffs' motion. (Doc. 15). Plaintiffs oppose defendants' requested extension. (Doc. 18).

Defendants assert an extension of time is needed because of (1) work commitments of defense counsel in a parallel action, (2) the length of plaintiffs' brief, (3) a need to coordinate interagency review of substantive filings, and (4) absence of key agency personnel during July and August. Defendants argue plaintiffs would not be prejudiced by the requested extension because plaintiffs waited more than three months after announcing they would bring the instant action before filing the complaint and

because defendants were not served with the summons and complaint until July 25, 2022, twenty-one days after plaintiffs filed the complaint. (Doc. 15).

Plaintiffs assert preparation of the complaint took time because of the length and breadth of the Final Rule being challenged, service of the summons and complaint was not delayed, and defendants were actually served on July 15, 2022. Plaintiffs argue defendants cannot claim an insufficient work force to respond to the motion, noting the number of attorneys within the Department of Justice. Plaintiffs also note their brief is overlength by only seven pages. Plaintiffs state the Final Rule takes effect on August 24, 2022, the same day as defendants request to file their responsive brief, and argue defendants are seeking to deprive them of the relief they seek. Lastly, plaintiffs state that if defendants stipulate to entry of a preliminary injunction enjoining the Final Rule pending the ruling on the merits of their motion for a preliminary injunction and/or permanent injunction, plaintiffs will agree to any extension defendants deem necessary to file their responsive brief. (Doc. 18).

In reply, defendants assert plaintiffs could have filed their complaint and motion earlier, noting plaintiffs in a parallel case filed suit challenging the Final Rule in May 2022. Defendants also assert their request for an extension until the Final Rule's effective date is "not a pretext but an unavoidable consequence" of plaintiffs' chosen filing dates. Further, defendants contend plaintiffs have not shown their motion would be moot if the requested extension were granted. Defendants do not accept plaintiffs' proposal for stipulation to entry of a preliminary injunction. (Doc. 21).

Having considered the parties' positions, defendants' motion is **GRANTED IN PART** and **DENIED IN PART**. Defendants shall have until August 15, 2022, to

respond to plaintiffs' motion. Plaintiffs shall have until August 19, 2022, to file any reply.

**IT IS SO ORDERED**.

Dated this 29th day of July, 2022.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge
