IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| MOREHOUSE ENTERPRISES, LLC<br>d/b/a BRIDGE CITY ORDNANCE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES, et al.,<br><br>    Defendants. | )<br>)<br>) Case No. 3:22-cv-00116-PDW-ARS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
IN RESPONSE TO ATF'S NOTICE OF AMENDED REGULATION**

In a Notice published in the *Federal Register,* with a publication date of today, Monday, August 22, 2022, Defendant ATF has noticed changes[1] to the challenged Final Rule entitled "Definition of 'Frame or Receiver' and Identification of Firearms." The Final Rule was originally published on April 26, 2022, with an effective date of this Wednesday, August 24, 2022, and the noticed changes also have an effective date of August 24, 2022. Plaintiffs' challenge to that rule has been in litigation before this Court since the filing of their Complaint on July 5, 2022.

The changes to the Final Rule are described as "corrections," yet the summary of the changes admits that the complexity of this rulemaking process has caused even the ATF to make numerous mistakes. ATF admits the Final Rule contained inconsistencies, and creates various sources of confusion, which the agency now hopes to have identified and fixed — of course, two

---

[1] *See* "Definition of 'Frame or Receiver' and Identification of Firearms; Corrections, 87 FR 51249, https://www.federalregister.gov/documents/2022/08/22/2022-17741/definition-of-frame-or-receiver-and-identification-of-firearms-corrections.

days before the effective date of this voluminous rulemaking. *See id.* at 54219 (describing "the complexity of this rulemaking process and the resulting significant number of comments and revisions in response," acknowledging "some technical errors in the regulatory text that" are "causing confusion" and "could create confusion," including "unintentionally broadening [a] requirement" and "potentially creating inconsistencies" and "creating confusion for readers").

Ironically, after repeatedly criticizing Plaintiffs for some alleged "delay" in challenging the Final Rule, ATF has now waited until two days before its effective date to publish changes to its text. Plaintiffs have not had time to review these changes, and their implications, to determine whether they are, in fact, "corrections." Certainly, the agency's last-minute changes provide this Court no opportunity to have a full understanding of the Final Rule before ruling on Plaintiffs' motion seeking injunctive relief. It is important to note that ATF waited 117 days from the date the Final Rule was published to notice these changes.

Significantly, as a purely technical matter, ATF has failed to publish its "corrections" "not less than 30 days before its effective date," as required by the APA. *See* 5 U.S.C. § 553(d). In *United Solid Waste Activities Group v. EPA*, 236 F.3d 749 (D.C. Cir. 2001), the EPA similarly attempted to amend a rule without notice and comment, describing the change as an exercise of an "inherent power" to correct "technical errors." The D.C. Circuit rejected this argument, concluding that it had never recognized an inherent power to ignore the APA's procedural requirements in the rulemaking context to correct errors. *Id.* at 752.

To be sure, there are exceptions to the notice-and-comment requirement "when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest." 5 U.S.C. 553(b)(3). However, correcting errors does not fall within these

exceptions.[1] *See United Solid Waste* at 753. Furthermore, the ATF did not claim the good cause exception in the "corrections," nor did it provide any reasoning that would justify application of the good cause exception. Similarly, the D.C. Circuit rejected an interim final rule of the EPA when it should have been noticed for comment, even though a final rule was pending: "we strongly reject EPA's claim that the challenged errors are harmless simply because of the pendency of a properly-noticed final rule." *Mack Trucks, Inc. v. EPA*, 682 F.3d 87, 95 (D.C. Cir. 2012).

Plaintiffs assert that this last-minute set of changes to the challenged "Final Rule," the publication of which took place without Defendant providing any notice thereof to Plaintiffs or to the Court, provides yet another reason for the Court to enjoin, stay, or otherwise delay implementation of the Final Rule, in order to give the Court the time it needs to properly consider the pending motion and the Final Rule, as now amended.

Dated: August 22, 2022

*/s/ Robert J. Olson*
Robert J. Olson (VA # 82488)
William J. Olson, PC
370 Maple Ave. West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (T)
703-356-5085 (F)
wjo@mindspring.com

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh (MS # 102784)

---

[1] Recently, a Supreme Court dissent noted that, "[a]lthough this Court has never precisely defined what an agency must do to demonstrate good cause, federal courts have consistently held that exceptions to notice-and-comment must be "'**narrowly construed and only reluctantly countenanced**.'" *Mack Trucks, Inc. v. EPA*, 682 F. 3d 87, 93, 401 U.S. App. D.C. 194 (CADC 2012) (quoting *Utility Solid Waste Activities Group v. EPA*, 236 F. 3d 749, 754, 344 U.S. App. D.C. 382 (CADC 2001)); *see also* C. Koch & R. Murphy, Good Cause for Avoiding Procedures, 1 Admin. L. & Prac. §4:13 (3d ed. 2021)." *Missouri v. Biden*, 142 S. Ct. 647, 659 (2022) (Alito, J., dissenting) (emphasis added).

Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654 601-852-3440 (T)
stephen@sdslaw.us

Robert B. Stock (ND # 05919)
Vogel Law Firm
218 NP Avenue
Fargo, ND  58107-1389
701-237-6983 (T)
701-237-0847 (F)
rstock@vogellaw.com

For service: rbslitgroup@vogellaw.com

*Counsel for Plaintiffs Morehouse Enterprises, LLC, d/b/a Bridge City Ordnance, Eliezer Jimenez, Gun Owners of America, Inc., and Gun Owners Foundation*

MARK BRNOVICH
Attorney General of Arizona

MICHAEL CATLETT*
 *Deputy Solicitor General*
ANTHONY NAPOLITANO
 *Assistant Attorney General*
ARIZONA ATTORNEY GENERAL'S OFFICE
2005 N. Central Ave.
Phoenix, Arizona 85004
(602) 542-8860
Michael.Catlett@azag.gov
Anthony.Napolitano@azag.gov
*Counsel for Plaintiff State of Arizona*


PATRICK MORRISEY
Attorney General of West Virginia

LINDSAY SEE*
 *Solicitor General*
MICHAEL R. WILLIAMS*
 *Senior Deputy Solicitor General*
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
(681) 313-4550
Lindsay.S.See@wvago.gov

Michael.R.Williams@wvago.gov
*Counsel for Plaintiff State of West Virginia*


TREG R. TAYLOR
Attorney General of Alaska

AARON C. PETERSON
  *Senior Assistant Attorney General*
Alaska Department of Law
1031 W. 4th Avenue #200
Anchorage, AK 99501
Aaron.peterson@alaska.gov
(907) 269-5165
*Counsel for Plaintiff State of Alaska*


LESLIE RUTLEDGE
Arkansas Attorney General

NICHOLAS J. BRONNI*
Arkansas Solicitor General
DYLAN L. JACOBS*
Deputy Solicitor General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-2007
Nicholas.bronni@arkansasag.gov
dylan.jacobs@arkansasag.gov
*Counsel for Plaintiff State of Arkansas*


LAWRENCE G. WASDEN
Attorney General of Idaho

DAYTON REED
  *Deputy Attorney General*
OFFICE OF THE IDAHO ATTORNEY GENERAL
P.O. Box 83720
Boise, ID 83720-0010
(208) 334-2400
dayton.reed@ag.idaho.gov
*Counsel for Plaintiff State of Idaho*

THEODORE E. ROKITA
Indiana Attorney General

BETSY M. DENARDI*
Director of Complex Litigation
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN 46204
(317) 232-6201
Betsy.DeNardi@atg.in.gov
*Counsel for Plaintiff State of Indiana*


DEREK SCHMIDT
Attorney General of Kansas

BRANT M. LAUE*
  *Solicitor General*
OFFICE OF KANSAS ATTORNEY GENERAL
120 SW 10th Avenue, 3rd Floor
Topeka, KS 66612-1597
(785) 368-8435 Phone
Brant.Laue@ag.ks.gov


DANIEL CAMERON
Attorney General of Kentucky

AARON J. SILLETTO
  *Assistant Attorney General*
OFFICE OF THE ATTORNEY GENERAL OF KENTUCKY
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Aaron.Silletto@ky.gov
*Counsel for Plaintiff Commonwealth of Kentucky*


JEFF LANDRY
Attorney General of Louisiana

ELIZABETH B. MURRILL*
  *Solicitor General*
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70804

(225) 326-6766
murrille@ag.louisiana.gov
*Counsel for Plaintiff State of Louisiana*


ERIC S. SCHMITT
Attorney General of Missouri

D. JOHN SAUER
  *Solicitor General*
OFFICE OF THE ATTORNEY GENERAL OF MISSOURI
Supreme Court Building
207 W. High Street
P.O. Box 899
Jefferson City, MO 65102
(573) 751-8870
John.Sauer@ago.mo.gov
*Counsel for Plaintiff State of Missouri*


AUSTIN KNUDSEN
Attorney General of Montana

DAVID M.S. DEWHIRST
  *Solicitor General*
KATHLEEN L. SMITHGALL
  *Assistant Solicitor General*
MONTANA DEPARTMENT OF JUSTICE
P.O. Box 201401
Helena, MT 59620-1401
Phone: (406) 444-2026
david.dewhirst@mt.gov
kathleen.smithgall@mt.gov
*Counsel for Plaintiff State of Montana*


DOUGLAS J. PETERSON
Attorney General of Nebraska

JAMES A. CAMPBELL*
  *Solicitor General*
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
(402) 471-2682
jim.campbell@nebraska.gov

*Counsel for Plaintiff State of Nebraska*


JOHN M. O'CONNOR
Attorney General of Oklahoma

BRYAN CLEVELAND
  *Deputy Solicitor General*
OKLAHOMA ATTORNEY GENERAL'S OFFICE
313 NE 21st St.
Oklahoma City, OK 73105
(405) 522-1961
Bryan.cleveland@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*


ALAN WILSON
Attorney General of South Carolina

J. EMORY SMITH, JR.
Deputy Solicitor General
OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA
P.O. Box 11549
Columbia, SC 29211
(803) 734-3680
Email: ESmith@scag.gov
*Attorneys for Plaintiff State of South Carolina*


KEN PAXTON
Attorney General of Texas

AARON F. REITZ
  *Deputy Attorney General for Legal Strategy*
CHARLIE ELDRED
  *Special Counsel for Legal Strategy*
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1700
Aaron.Reitz@oag.texas.gov
Charlie.Eldred@oag.texas.gov
*Counsel for Plaintiff State of Texas*


SEAN D. REYES

Attorney General of Utah

MELISSA A. HOLYOAK*
 *Solicitor General*
OFFICE OF THE UTAH ATTORNEY GENERAL
350 N. State Street, Suite 230
Salt Lake City, UT 84114
(801) 366-0260
Email: melissaholyoak@agutah.gov
*Counsel for Plaintiff State of Utah*


BRIDGET HILL
Attorney General of Wyoming

RYAN SCHELHAAS
Chief Deputy Attorney General
OFFICE OF THE WYOMING ATTORNEY GENERAL
109 State Capitol
Cheyenne, WY 82002
Tel: (307) 777-5786
ryan.schelhaas@wyo.gov
*Counsel for Plaintiff State of Wyoming*

* *Application for Admission Forthcoming*

## **CERTIFICATE OF SERVICE**

I Stephen D. Stamboulieh, hereby certify that I have on this day, caused the foregoing document or pleading to be filed with this Court's CM/ECF system, which caused a notice of the filing and a true and correct copy of the same to be delivered to all counsel of record.

Dated: August 22, 2022.

                                            /s/ Stephen D. Stamboulieh
                                            Stephen D. Stamboulieh