IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| MOREHOUSE ENTERPRISES, LLC | ) | |
| d/b/a BRIDGE CITY ORDNANCE, et al., | ) | |
| | ) | Case No. <u>3:22-cv-00116-PDW-ARS</u> |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS AND EXPLOSIVES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR INJUNCTION
PENDING APPEAL**

Plaintiffs submit this memorandum in support of their Motion for Injunction Pending Appeal.

"In determining whether to issue a stay pending appeal, [courts] consider four factors: (1) whether the party seeking the stay has demonstrated a strong likelihood of success on the merits; (2) whether the party seeking the stay will be irreparably injured without a stay; (3) whether a stay would substantially injure other parties; and (4) the public's interest." *Org. for Black Struggle v. Ashcroft*, 978 F.3d 603, 607 (8th Cir. 2020). All those factors support a stay here.

First, Plaintiffs reiterate that they are likely to succeed on the merits of their claims and Plaintiffs hereby incorporate their prior arguments here. *See* Motion for Preliminary Injunction, ECF 14; Motion for Permanent Injunction, ECF 19; Notice of *Joinder*, ECF 36; and PI Reply, ECF 78. But beyond this, Plaintiffs assert that this case raises sufficiently significant questions to support an injunction pending appeal even where the Court initially disagrees as to their likelihood of success on the merits. Indeed, "tribunals may properly stay their own orders when they have ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained." *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844–45 (D.C. Cir. 1977). Where substantial questions are raised, the Eight Circuit notes that a party need not show a "greater than fifty per cent likelihood" of success on the merits. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981); *Walker v. Lockhart*, 678 F.2d 68, 71 (8th Cir. 1982) ("'where the movant has raised a substantial question and the equities are otherwise strongly in

1

his favor, the showing of success on the merits can be less.'") (*quoting Dataphase*, 640 F.2d at 113). Ultimately, an injunction is appropriate where there are "substantial questions of fact and law for determination" to preserve the status quo "until those questions [can] be determined." *Chicago, B&Q Railroad v. Chicago Great Western Railroad*, 190 F.2d 361, 363-64 (8th Cir. 1951).

And district courts throughout the Eighth Circuit have issued equitable relief pending appeal even where the courts were not convinced that the appellants would prevail so long as the legal questions were "substantial" or "close." *See, e.g.*, *Sweeney v. Bond*, 519 F. Supp. 124, 132 (E.D. Mo. 1981), *aff'd*, 669 F.2d 542 (8th Cir. 1982); *Perrin v. Papa Johns Int'l, Inc.*, No. 4:09CV01335, 2014 WL 306250, at *2 (E.D. Mo. Jan. 28, 2014); *see also Population Inst. v. McPherson*, 797 F.2d 1062, 1078 (D.C. Cir. 1986) ("It will ordinarily be enough that the [movant] has raised serious legal questions going to the merits, so serious, substantial, difficult as to make them a fair ground of litigation") (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977). The challenge to the Final Rule presented here concerns an omnibus federal rulemaking spanning multiple topics, changes to decades-long definitions, reversals of previously stated ATF policy, expands or creates new federal crimes, affects industry and individuals, and has an ATF-estimated cost of at least $14.3 million. *See*, 87 Fed. Reg. 24,652, 24,654 (Apr. 26, 2022). That significance weighs in favor of granting a stay pending appeal.

Second, Plaintiffs will be irreparably harmed without a stay pending appeal. The Court did not directly address the arguments regarding the irreparable harm to the States, and those are incorporated here. *See* Notice of *Joinder*, ECF 36; and PI Reply,

ECF 78.   Additionally, while the Court stated that the harms the Plaintiffs face are "speculative," Order at 25, ECF 85, Defendants do not appear to think so, acknowledging in both the Final Rule and the NPRM that there will be "a significant impact" on certain manufacturers and that some companies would "dissolve their business."   PI Reply at 17, ECF 78.   And ATF's own enforcement activities in preparation for the Final Rule's effective date disabuse one of the notion that such harms are purely speculative. *Id.* at 18-19.   In the wake of the Final Rule, entire product lines have been shut down by manufacturers.[1]   These harms are significant and irreparable, especially when considered over the course of an appellate litigation schedule during which businesses will not be able to sell products they previously relied upon to meet their expenses.   Even in a few months, some are likely to, in the ATF's words, "dissolve."

Finally, the public interest and balance of equities weigh in favor of granting an injunction pending appeal.   While the Court considers "the ATF's interest in law enforcement and public safety," Order at 25, ECF 85, it does not address the States' interests in the same, expressed through their own permissive legal schemes, and the sovereign injury they incur through the federal government's encroachment in the Final Rule.   And as established, individuals and businesses will suffer unrecoverable economic harm and have their Second Amendment activity curtailed for fear of

---

[1] For instance, James Madison Tactical, a popular manufacturer of polymer 80% lower receivers for the AR-15 no longer has those products on its website for sale.  Store, James Madison Tactical, store.jamesmadisontactical.com/default.asp (showing only one product line available: triggers), Ex. 1.  Google search results for that company establish that 80% lowers previously constituted a main business line for them as they are mentioned in multiple of the top results. "James Madison Tactical," Google Search Results, www.google.com (search "James Madison Tactical"), Ex. 2.

crossing the ATF's still-unclear standards in the Final Rule while ATF is still capable of enforcing the current firearms laws—many of which already ban the illegal activity they claim the Final Rule will help combat—while the Final Rule is enjoined.

For these reasons, Plaintiffs respectfully request that this Court enjoin the Final Rule pending Plaintiffs' appeal of this Court's denial of their Motion for Preliminary Injunction.

Respectfully submitted,

Date:   August 25, 2022

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh (MS # 102784)
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
stephen@sdslaw.us

Robert J. Olson (VA # 82488)
William J. Olson, PC
370 Maple Ave. West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (T)
703-356-5085 (F)
wjo@mindspring.com

Robert B. Stock (ND # 05919)
Vogel Law Firm
218 NP Avenue
Fargo, ND  58107-1389
701-237-6983 (T)
701-237-0847 (F)
rstock@vogellaw.com
For service: rbslitgroup@vogellaw.com
*Counsel for Morehouse Enterprises, LLC d/b/a Bridge City Ordnance, Eliezer Jimenez, Gun Owners of America, Inc., and Gun Owners Foundation*

/s/ Anthony R. Napolitano
MARK BRNOVICH
Attorney General of Arizona

MICHAEL CATLETT*
  *Deputy Solicitor General*
ANTHONY NAPOLITANO
  *Assistant Attorney General*
ARIZONA ATTORNEY GENERAL'S OFFICE
2005 N. Central Ave.
Phoenix, Arizona 85004
(602) 542-8860
Michael.Catlett@azag.gov
Anthony.Napolitano@azag.gov
*Counsel for Plaintiff State of Arizona*


PATRICK MORRISEY
Attorney General of West Virginia

LINDSAY SEE
  *Solicitor General*
MICHAEL R. WILLIAMS
  *Senior Deputy Solicitor General*
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
(681) 313-4550
Lindsay.S.See@wvago.gov
Michael.R.Williams@wvago.gov
*Counsel for Plaintiff State of West Virginia*


TREG R. TAYLOR
Attorney General of Alaska

AARON C. PETERSON
  *Senior Assistant Attorney General*
Alaska Department of Law
1031 W. 4th Avenue #200
Anchorage, AK 99501
Aaron.peterson@alaska.gov
(907) 269-5165
*Counsel for Plaintiff State of Alaska*

5

LESLIE RUTLEDGE
Arkansas Attorney General

NICHOLAS J. BRONNI*
Arkansas Solicitor General
DYLAN L. JACOBS*
Deputy Solicitor General
OFFICE OF THE ARKANSAS ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-2007
Nicholas.bronni@arkansasag.gov
dylan.jacobs@arkansasag.gov
*Counsel for Plaintiff State of Arkansas*


LAWRENCE G. WASDEN
Attorney General of Idaho

DAYTON REED
  *Deputy Attorney General*
OFFICE OF THE IDAHO ATTORNEY GENERAL
P.O. Box 83720
Boise, ID 83720-0010
(208) 334-2400
dayton.reed@ag.idaho.gov
*Counsel for Plaintiff State of Idaho*


THEODORE E. ROKITA
Indiana Attorney General

BETSY M. DENARDI*
Director of Complex Litigation
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN 46204
(317) 232-6201
Betsy.DeNardi@atg.in.gov
*Counsel for Plaintiff State of Indiana*


DEREK SCHMIDT
Attorney General of Kansas

BRANT M. LAUE*
 *Solicitor General*
OFFICE OF KANSAS ATTORNEY GENERAL
120 SW 10th Avenue, 3rd Floor
Topeka, KS 66612-1597
(785) 368-8435 Phone
Brant.Laue@ag.ks.gov


DANIEL CAMERON
Attorney General of Kentucky

AARON J. SILLETTO
 *Assistant Attorney General*
OFFICE OF THE ATTORNEY GENERAL OF KENTUCKY
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Aaron.Silletto@ky.gov
*Counsel for Plaintiff Commonwealth of Kentucky*


JEFF LANDRY
Attorney General of Louisiana

ELIZABETH B. MURRILL*
 *Solicitor General*
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70804
(225) 326-6766
murrille@ag.louisiana.gov
*Counsel for Plaintiff State of Louisiana*


ERIC S. SCHMITT
Attorney General of Missouri

D. JOHN SAUER
 *Solicitor General*
OFFICE OF THE ATTORNEY GENERAL OF MISSOURI
Supreme Court Building
207 W. High Street
P.O. Box 899
Jefferson City, MO 65102

(573) 751-8870
John.Sauer@ago.mo.gov
*Counsel for Plaintiff State of Missouri*


AUSTIN KNUDSEN
Attorney General of Montana

DAVID M.S. DEWHIRST
  *Solicitor General*
KATHLEEN L. SMITHGALL
  *Assistant Solicitor General*
MONTANA DEPARTMENT OF JUSTICE
P.O. Box 201401
Helena, MT 59620-1401
Phone: (406) 444-2026
david.dewhirst@mt.gov
kathleen.smithgall@mt.gov
*Counsel for Plaintiff State of Montana*


DOUGLAS J. PETERSON
Attorney General of Nebraska

JAMES A. CAMPBELL*
  *Solicitor General*
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
(402) 471-2682
jim.campbell@nebraska.gov
*Counsel for Plaintiff State of Nebraska*


JOHN M. O'CONNOR
Attorney General of Oklahoma

BRYAN CLEVELAND
  *Deputy Solicitor General*
OKLAHOMA ATTORNEY GENERAL'S OFFICE
313 NE 21st St.
Oklahoma City, OK 73105
(405) 522-1961
Bryan.cleveland@oag.ok.gov
*Counsel for Plaintiff State of Oklahoma*

8

ALAN WILSON
Attorney General of South Carolina

J. EMORY SMITH, JR.
Deputy Solicitor General
OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA
P.O. Box 11549
Columbia, SC 29211
(803) 734-3680
Email: ESmith@scag.gov
*Attorneys for Plaintiff State of South Carolina*


KEN PAXTON
Attorney General of Texas

AARON F. REITZ
  *Deputy Attorney General for Legal Strategy*
CHARLIE ELDRED
  *Special Counsel for Legal Strategy*
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1700
Aaron.Reitz@oag.texas.gov
Charlie.Eldred@oag.texas.gov
*Counsel for Plaintiff State of Texas*


SEAN D. REYES
Attorney General of Utah

MELISSA A. HOLYOAK*
  *Solicitor General*
OFFICE OF THE UTAH ATTORNEY GENERAL
350 N. State Street, Suite 230
Salt Lake City, UT 84114
(801) 366-0260
Email: melissaholyoak@agutah.gov
*Counsel for Plaintiff State of Utah*


BRIDGET HILL
Attorney General of Wyoming

RYAN SCHELHAAS
Chief Deputy Attorney General
OFFICE OF THE WYOMING ATTORNEY GENERAL
109 State Capitol
Cheyenne, WY 82002
Tel: (307) 777-5786
ryan.schelhaas@wyo.gov
*Counsel for Plaintiff State of Wyoming*

*\* Application for Admission Forthcoming*

## CERTIFICATE OF SERVICE

I, Anthony R. Napolitano, hereby certify that I have on this day, caused the foregoing document or pleading to be filed with this Court's CM/ECF system, which caused a notice of the filing and a true and correct copy of the same to be delivered to all counsel of record.

Dated: August 25, 2022.

*/s/ Anthony R. Napolitano*
Anthony R. Napolitano