```
 1           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NORTH DAKOTA
 2

 3  - - - - - - - - - - - - - - -
                                 )
 4  Morehouse Enterprises, LLC,  )
    et al.,                      )
 5            Plaintiffs,        )
                                 )
 6         vs.                   )   FILE NO. 3:22-cv-116
                                 )
 7  Bureau of Alcohol, Tobacco,  )
    Firearms and Explosives,     )
 8  et al.,                      )
                                 )
 9            Defendants.        )
                                 )
10  - - - - - - - - - - - - - - -

11

12

13              T R A N S C R I P T

14                    O F

15            P R O C E E D I N G S

16        Status Conference - August 19, 2022

17                Pages 1-17

18

19

20

21

22  HELD AT: QUENTIN BURDICK UNITED STATES COURTHOUSE
             655 FIRST AVENUE NORTH
23           FARGO, NORTH DAKOTA  58102

24  BEFORE:  THE HONORABLE PETER D. WELTE

25  COURT REPORTER:  KELLY A. KROKE
```

```
 1                    A P P E A R A N C E S

 2   MR. STEPHEN STAMBOULIEH               COUNSEL FOR ORIGINAL
     Attorney at Law                                 PLAINTIFFS;
 3   P.O. Box 428
     Olive Branch, MS  38654
 4


 5   MR. ANTHONY R. NAPOLITANO   COUNSEL FOR STATE PLAINTIFFS;
     Office of Attorney General
 6   2005 N. Central Avenue
     Phoenix, AZ  85004
 7


 8   MR. MARTIN M. TOMLINSON            COUNSEL FOR DEFENDANTS;
     DOJ - Civil Division
 9   1100 L Street N.W.
     Washington, DC  20005
10      AND
     MS. MELISSA H. BURKLAND
11   Office of United States Attorney
     655 1st Avenue North, Ste. 250
12   Fargo, ND  58102

13

14   ALSO PRESENT:  Ms. Barbara Harding

15   ***All appearing via video

16

17

18

19

20

21

22

23

24

25
```

**P R O C E E D I N G S**

(August 19, 2022:  The following proceedings commenced at 9:10 a.m.:)

THE COURT:  We are going to go on the record.  I would ask everybody to please mute your microphones and the record will reflect that we are on the record for a status conference in Morehouse Enterprises, LLC, et al. versus the Bureau of Alcohol, Tobacco, Firearms and Explosives.  This is Case No. 3:22-cv-116.  We're here for a status conference this morning.

If there has been a positive that has generated out of the COVID pandemic, it's that in this court in this district that we have been very liberal with the use of status conferences both in civil and in criminal cases because we have found that they are useful to the parties and to the Court and this is one of those instances.  I want to thank the parties for being available on short notice for this conference.

And before we get into the substance of the conference, I'm going to frame up where we're at and the timeline of this case so far.  Also, counsel, if you address the Court today I'm going to ask you to please identify yourself and then address the Court.  Since we're doing this by video, that is a necessary step.

1            So the original plaintiffs in this matter
2   are Morehouse Enterprises, LLC and then Eliezer Jimenez,
3   Gun Owners of America, Inc., and Gun Owners Foundation.
4            For Morehouse Enterprises, LLC my
5   understanding is that Stephen Stamboulieh will be
6   speaking.  I see you there, sir.  If you would unmute
7   your mic and correct me on the pronunciation of your
8   last name and also whether or not I'm correct you'll be
9   speaking for the original plaintiffs.  Thank you.
10           MR. STAMBOULIEH:  Yes, sir.  This is Stephen
11  Stamboulieh and I will be speaking on behalf of the
12  original plaintiffs.
13           THE COURT:  All right.  Thank you.  And for
14  the plaintiff states I have Anthony Napolitano.
15  Mr. Napolitano, will be you speaking today on behalf of
16  the plaintiff states?
17           MR. NAPOLITANO:  Yes, Your Honor.  This is
18  Anthony Napolitano.  I'll be speaking on behalf of the
19  plaintiff states.
20           THE COURT:  Very good.  Okay.  Very good.
21  And for the defendants the Bureau of Alcohol, Tobacco,
22  Firearms and Explosives and the Department of Justice I
23  do see Mr. Tomlinson on the screen and I see Melissa
24  Burkland on the screen.
25           Mr. Tomlinson, am I correct that you'll be

1   speaking today for the defendants?
2            MR. TOMLINSON:  That's correct, Your Honor.
3   Martin Tomlinson for the defendants.  Ms. Burkland from
4   the U.S. Attorney's office has been kind enough to join
5   us and also Leslie Farby, assistant branch director, is
6   also sitting in on this but I'll be speaking on behalf
7   of the defendants.
8            THE COURT:  Thank you.  Ms. Farby, I
9   apologize that I didn't acknowledge you there but your
10  name is sort of -- I can't quite see it but I see you
11  there in the center of my screen so thank you for
12  appearing.  I'm going to proceed as though the people --
13  the attorneys who will be speaking will be
14  Mr. Stamboulieh, Mr. Napolitano and Mr. Tomlinson.  If I
15  am incorrect at some point in the hearing, I will ask
16  anybody else if they can disabuse me of that notion.
17           So this Complaint was originally filed on
18  July 5 of 2022 and that's document No. 1 in the record.
19  And on July 25, 20 days later, plaintiffs filed their
20  Motion for Preliminary Injunction.  That's document
21  No. 14.  The motion seeks to enjoin the ATF's final
22  rule -- somebody needs to mute their mic, Ms. Harding I
23  think.
24           MS. HARDING:  I'm trying to do that right
25  now.  I apologize.

1          THE COURT:  Thank you.  On July 25
2  plaintiffs filed their Motion for Preliminary Injunction
3  at document No. 14 and the motion seeks to enjoin ATF's
4  final rule.  Now, counsel, that final rule is set to go
5  into effect on August 24 and that is next Wednesday.
6  There was an Amended Complaint that added the plaintiff
7  states, Mr. Napolitano's client, and that was filed on
8  July 27 at document No. 22.  Magistrate Judge Senechal
9  granted in part and denied in part a motion by Defendant
10 ATF for an extension of time to file their response.
11 Defendants did file their response on Monday, August 15,
12 earlier this week.  Plaintiffs -- or I guess it would
13 have been -- yeah, it would have been earlier this week.
14 Plaintiffs filed their reply this morning on August 19
15 and that's document No. 78.
16          So that brings us up-to-date on the filings,
17 the most recent filing being this morning.  And I will
18 be candid with you, counsel, I have had an opportunity
19 to review the reply but it's something that I have not
20 had the opportunity to thoroughly review and digest
21 before our 9 a.m. today.  I have seen it and I have
22 reviewed it.
23          As noted, counsel, the final rule at issue
24 in this case is scheduled to go into effect next
25 Wednesday, August 24.  Take a little pause here.  Any

1  issues with the framing of the posture of this case so
2  far, Mr. Stamboulieh?
3          MR. STAMBOULIEH:  No, Your Honor.  That's
4  correct.
5          THE COURT:  Thank you.  Mr. Napolitano?
6          MR. NAPOLITANO:  No, Your Honor.  That's
7  correct.
8          THE COURT:  Thank you.  And Mr. Tomlinson?
9          MR. TOMLINSON:  Not from the defendants,
10 Your Honor.
11         THE COURT:  Thank you.  I earlier spoke to
12 the three counsel who would be speaking today.  Is there
13 anybody else on the camera or connected that believed
14 that they would be addressing the Court today that I
15 left out?  I'll give you five or 10 seconds to reply if
16 you do.
17         (No response.)
18         THE COURT:  Okay.  The record will reflect
19 that the other parties have been given an opportunity to
20 comment and that nobody has interjected so far.
21         So, counsel, obviously the timeline and the
22 applicable deadlines here do present some issues for the
23 Court.  We're having this status conference to get a
24 sense of the parties' expectations for this motion and I
25 also want to get the parties' position and understand

1  the position in the Southern District of Texas case
2  <u>Division 80, et al. v Garland, et al</u>.  That's pending in
3  the Southern District of Texas with Judge Jeff Brown.
4  I'm sure that all parties who will be speaking today are
5  familiar with that case.  I'd like to get your
6  understanding of the position -- of your position
7  vis-a-vis that case.
8           So in terms of expectations on the motion
9  and position on <u>Division 80</u>, I will turn first to
10 Mr. Stamboulieh.  The record will reflect that this is
11 Mr. Stamboulieh.  If you would please reply, sir.
12           MR. STAMBOULIEH:  Yes, Your Honor.  Stephen
13 Stamboulieh for the plaintiff, original plaintiffs.  So
14 the expectation, Your Honor, would be that the Court
15 would hopefully get us a ruling before the final rule
16 takes effect which would match up with the request
17 we've -- with the relief we've requested in the
18 preliminary injunction motion.  Obviously if the final
19 rule goes into effect then there might be a little bit
20 more difficulty in crafting an order to undo the final
21 rule when it's already in effect and then irreparable
22 harm will have already set in at that point.  So we
23 hope -- we are hopeful, Your Honor, that the Court will
24 have us a ruling before the 24th up until midnight on
25 the 23rd enjoining the final rule.

1              As to the <u>Division 80</u> case my understanding,
2    Judge, is that they had a hearing on August the 9th and
3    the judge in that case has said, and I hope I'm not
4    misstating this, that he would have an opinion before
5    the 24th.  Either good or bad, whatever it is, that it
6    will be out before the 24th.
7              THE COURT:  All right.  Very good.  Thank
8    you.
9              MR. STAMBOULIEH:  Yes, Your Honor.
10             THE COURT:  All right.  Mr. Napolitano, your
11   understanding, sir?
12             MR. NAPOLITANO:  Your Honor, Anthony
13   Napolitano.  The United States echoes the original
14   plaintiffs' position on both those things as
15   Mr. Stamboulieh stated.
16             THE COURT:  Okay.  Thank you.
17             Mr. Tomlinson?
18             MR. TOMLINSON:  Thank you, Your Honor.
19   Martin Tomlinson for the defendants.  To take your first
20   point on expectations, obviously our hope would be that
21   you would deny the motion for preliminary injunction,
22   but in terms of timing of that decision we don't
23   necessarily think it's a huge emergency that this needs
24   to be decided prior to the rule going into effect.  In
25   fact, there is another case that was more recently filed

1  than this one in the Northern District of Texas before
2  Judge O'Connor in the Fort Worth division.  He has set a
3  briefing schedule.  We just got a motion for preliminary
4  injunction in that case and he has set a briefing
5  schedule that would have us file our response brief -- I
6  think the current due date is August 26th so that would
7  be after the due date.
8           So, you know, he has -- the plaintiffs in
9  that case are raising similar claims to the plaintiffs
10 in this case that he has decided to have a briefing
11 schedule that would -- that anticipates a decision after
12 the effective date of the rule.
13          And so, you know, given what we've said in
14 the various pleadings and as Your Honor just recited
15 that plaintiffs here did wait two and a half months
16 after the rule took effect to file a Complaint, waited
17 three months after the rule took -- excuse me, not took
18 effect but after the rule was issued to seek preliminary
19 injunction.  I mean, this is an emergency in quotes of
20 their own picking.  So we don't necessarily think that
21 the Court needs to decide this before the effective date
22 of the rule given that the reply was just filed and then
23 it gives the Court only I think five days to issue a
24 decision.
25          As to our position on the Division 80 case

1   which was a case where plaintiffs there filed shortly
2   after the rule was issued and we did -- I was down in
3   Galveston last week arguing that in front of Judge
4   Brown.  Mr. Stamboulieh is correct that Judge Brown did
5   say at the conclusion of that hearing that he did
6   anticipate having a decision out before Wednesday.  We
7   haven't gotten any decision yet but we certainly take
8   him at his word either today or before Tuesday.
9              THE COURT:  All right.  Thank you.  Counsel,
10  it's Friday the 19th.  A hearing in this court before
11  August 24th is -- would be I would say unlikely but not
12  impossible.  Do you anticipate the Court proceeding with
13  a decision without a hearing?  I know that the hearing,
14  as counsel has pointed out, was August 9 in the <u>Division</u>
15  <u>80</u> case but, Mr. Stamboulieh, were you anticipating a
16  hearing or were you anticipating a decision without a
17  hearing?
18             MR. STAMBOULIEH:  Thank you, Your Honor.
19  Steve Stamboulieh for the original plaintiffs.
20  Originally, Your Honor, we filed a motion for an oral
21  argument to the extent that the Court wanted to hear
22  from the parties and maybe if the Court had any
23  questions.  So there's not a lot of time, Judge, and I'm
24  sensitive to that.  I have an argument in New York,
25  Syracuse, on Tuesday, August the 23rd, in the morning.

1  I will do what the Court requests.  If the Court wants
2  oral argument I will, you know, do whatever needs to be
3  done, to argue this Monday if Your Honor wants.  And I
4  think that we have enough by way of pleadings so far in
5  front of the Court and all the briefing to get the
6  relief that we seek, Judge, but if the Court has any
7  questions I'd be happy to come argue.
8              THE COURT:  And I understood your position
9  from the filing that it was more of a:  Court, we're
10 available to present oral argument if you want it,
11 correct?
12             MR. STAMBOULIEH:  Yes, sir, that's correct.
13 And I also wanted to alert the Court that we had a prior
14 setting on Tuesday in New York just so the Court could
15 have its calendar the way it wanted to have its
16 calendar.
17             THE COURT:  Thank you.
18             Mr. Napolitano, do you care to speak to
19 this?
20             MR. NAPOLITANO:  Your Honor, Anthony
21 Napolitano.  The states also believe that oral argument
22 is available to help the Court and assist the Court if
23 needed but that there is a sufficient amount of briefing
24 and other documents before the Court for a ruling if
25 necessary without oral argument.

```
 1                    THE COURT:  Thank you.
 2                    Mr. Tomlinson, your position?
 3                    MR. TOMLINSON:  Thank you, Your Honor.
 4   Martin Tomlinson for the defendants.  I think the
 5   government's position is somewhat similar as I think was
 6   represented in that filing.  We are not requesting oral
 7   argument.  We think that there is fairly robust briefing
 8   on this but if the Court believes it would be helpful
 9   we're available.
10                    We would just note obviously we just got the
11   reply this morning and have not had a chance to
12   carefully review it.  And as I just mentioned to Your
13   Honor, in the Northern District of Texas case we now
14   have a full preliminary injunction response brief due
15   next Friday on the 26th.  That's going to be occupying a
16   lot of our time next week so if there is argument we
17   would respectfully request that it take place after next
18   week so we have time to both incorporate plaintiffs'
19   reply and response in the other case.
20                    THE COURT:  Counsel, you mentioned that
21   there was a case that was filed in north Texas.  So we
22   have Division 80, we have the case in north Texas, we
23   have this case.  Are there other related cases out there
24   that you are either aware of or counsel for that have
25   been filed?
```

```
 1                    Mr. Stamboulieh, you first.
 2                    MR. STAMBOULIEH:  Steve Stamboulieh for the
 3    original plaintiffs.  Your Honor, the case in north
 4    Texas I believe was just recently filed, the Firearms
 5    Policy Coalition, and then the Division 80 out of the
 6    Southern District in Galveston and this case.  I believe
 7    those are the only three cases, Judge, to the best of my
 8    knowledge.
 9                    THE COURT:  Mr. Napolitano, the same?
10                    MR. NAPOLITANO:  The same, Your Honor.
11                    THE COURT:  Mr. Tomlinson?
12                    MR. TOMLINSON:  We agree, Your Honor.
13                    THE COURT:  Okay.  Just one moment, counsel.
14                    (Off the record.)
15                    THE COURT:  All right, counsel. I have what
16    I need to proceed in this matter.  With regards to this
17    particular case, absent some strange -- absent something
18    unanticipated, I don't believe that we need a hearing on
19    this.  I would like -- once we conclude this hearing the
20    Court will go back and will examine the most recent
21    filing with great particularity but I don't anticipate
22    that we're going to need a hearing on this.
23                    And given your schedules and given the
24    posture of this case, I think that that's certainly in
25    the interest of judicial economy but I think it's in the
```

1  manifest interest of justice as well.  We have very,
2  very well done pleadings upon which the Court can
3  proceed.  So we -- I will commence with developing my
4  decision and my order.  We'll do what we can in terms of
5  getting that out as soon as possible without any
6  promises.  I'm not going to write any checks that I
7  can't cash on this in terms of timing.
8              With regards to moving forward on this, we
9  will issue our order and then await further reply and
10 filings from the parties.  And I wish I could be more
11 specific but there's really no need to be.  You're all
12 experienced attorneys and you've all done this before so
13 there isn't anything more that really needs to be said
14 on that.
15             I will open the floor -- before I close this
16 hearing, counsel, I will open the floor to the three of
17 you to see if there's anything that you feel has been
18 unaddressed by the Court this morning that you were
19 anticipating being addressed this morning.
20             Mr. Stamboulieh?
21             MR. STAMBOULIEH:  Steve Stamboulieh for the
22 original plaintiffs, Your Honor.  There's just one thing
23 that I don't -- I just want to make sure that the Court
24 is aware that the <u>Division 80</u> case -- I'm totally
25 unfamiliar with the Northern District of Texas case but

```
 1   as to the Division 80 case, Judge, that is not really
 2   the same case that's in front of this Court.  To my
 3   understanding that case is solely about an 80 percent
 4   AR-15 receiver and not about firearm mufflers or
 5   silencers, not about, you know, like pistol frame
 6   receivers.  And it's somewhat similar but it's not the
 7   same type of case so I just wanted to alert the Court
 8   that there is a little bit difference in the cases
 9   there, Judge.
10                THE COURT:  Mr. Stamboulieh, I appreciate
11   that and I want all the parties to understand that we
12   are well aware of that.  It's a good point and it's
13   something that should be put on the record.  These are
14   definitely different animals and we are not at all --
15   although, you know, the Court always has a concern about
16   the risk of competing and/or conflicting injunctions.
17   The issues are separate in this case and I appreciate
18   your comment.
19                Mr. Napolitano?
20                MR. NAPOLITANO:  Anthony Napolitano, nothing
21   further.
22                THE COURT:  Mr. Tomlinson?
23                MR. TOMLINSON:  Nothing from the defendants,
24   Your Honor.
25                THE COURT:  All right.  Is there anybody
```

1  else on the line who was expecting to address the Court
2  that would like to address the Court?
3              (No response.)
4              THE COURT:  Going once, going twice, gone.
5  All right.  Counsel, again thank you very much for your
6  availability on fairly short notice but this is -- as I
7  hope is illustrated this morning, the status conferences
8  are a useful tool especially in important cases like
9  this so thank you very much.  We will stand adjourned.
10             (Adjourned at 9:30 a.m.)

```
 1                    CERTIFICATE OF REPORTER

 2            I, Kelly A. Kroke, a duly appointed

 3   Registered Professional Reporter;

 4            DO HEREBY CERTIFY that I reported in

 5   shorthand the foregoing proceedings had and made a

 6   record at the time and place indicated.

 7            I DO HEREBY FURTHER CERTIFY that the

 8   foregoing and attached (17) typewritten pages contain an

 9   accurate transcript of my shorthand notes then and there

10   taken.

11            Dated this 14th day of September, 2022.

12

13

14

15

16

17                  /s/ Kelly A. Kroke
                    KELLY A. KROKE - RPR, RMR
18                  United States District Court Reporter
                    District of North Dakota
19                  Eastern Division

20

21

22

23

24

25
```