## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

| | |
|---|---|
| Morehouse Enterprises, LLC, d/b/a/ Bridge City Ordnance, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Bureau of Alcohol, Tobacco, Firearms and Explosives, et al., <br><br> Defendants. | **ORDER DENYING MOTION FOR INJUNCTION PENDING APPEAL** <br><br> Case No. 3:22-cv-116 |

On April 26, 2022, the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF") promulgated an administrative rule updating regulations concerning federal firearms laws. See Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24652 (April 26, 2022) (to be codified at 27 C.F.R. pts. 447, 478, and 479) (the "Final Rule"). The Final Rule took effect on August 24, 2022. Id.

Prior to the Final Rule taking effect, the Plaintiffs filed a motion for preliminary and/or permanent injunction. Doc. No. 14. The Defendants opposed the motion. Doc. No. 43. On August 23, 2022, this Court denied the motion for preliminary and/or permanent injunction. Doc. No. 85. Two days later, the Plaintiffs filed an interlocutory appeal of that decision (Doc. No. 87) and filed this motion for injunction pending appeal pursuant to Federal Rule of Civil Procedure 62(d). Doc. No. 89. The Defendants again oppose the motion (Doc. No. 94), and the Plaintiffs filed a reply. Doc. No. 97.

Federal Rule of Civil Procedure 62(d) permits motions for injunctive relief while an appeal is pending from an interlocutory order. Fed. R. Civ. P. 62(d). Under that Rule, the Plaintiffs seek an injunction of the Final Rule pending their interlocutory appeal. They reassert their view that

they are likely to succeed on the merits and incorporate their arguments from the original motion for injunctive relief. Doc. No. 89-1 at 2. A motion for injunctive relief under Federal Rule of Civil Procedure 62(d) is reviewed under the same four-factor test articulated in the Court's prior order:

(1) whether the party seeking the stay has demonstrated a strong likelihood of success on the merits;
(2) whether the party seeking the stay will be irreparably injured without a stay;
(3) whether a stay would substantially injure other parties; and
(4) the public's interest.

Org. for Black Struggle v. Ashcroft, 978 F.3d 603, 607 (8th Cir. 2020); Dish Network Serv. LLC v. Laducer, No. 4:12-CV-058, 2012 WL 12860123, at *1 (D.N.D. Aug. 15, 2012). Likelihood of success on the merits remains the most important factor. Brady v. Nat'l Football League, 640 F.3d 785, 789 (8th Cir. 2011).

After a careful review, the Court remains unpersuaded that the four-factors weigh in favor of injunctive relief. To the extent the Plaintiffs reassert their arguments from the original motion for injunctive relief, the Court incorporates here its prior analysis of these argument under the four-factor test. See Doc. No. 85. And for the same reasons, the Plaintiffs are not entitled to injunctive relief pending appeal.

In addition to their prior arguments, the Plaintiffs also raise additional arguments in support of their motion pending appeal. The Plaintiffs argue the Court, in its prior order, did not directly address the irreparable harm to the Plaintiff States. More specifically, the Plaintiff focus on the alleged irreparable harm to the Plaintiff States through the loss of tax revenue.[1] Doc. No. 89-1 at 3-4. While a small amount of tax revenue loss is a theoretical possibility, even assuming such losses exist (which has not been established), this factor must be weighed against the most

---

[1] This argument did not appear in the Plaintiffs' initial briefing, though the delay is understandable given the timing of the Plaintiff States joining the litigation.

important factor—likelihood of success on the merits. And here, the Court finds that the minimal and speculative tax revenue loss potentially lost by the Plaintiff States is far outweighed by the absence of likelihood of success on the merits.

Next the Plaintiffs argue the Court did not properly weigh the Plaintiff States' interests when balancing the equities and public interest. Specifically, the Plaintiffs argue the Plaintiff-States' interests, expressed through their own permissive legal schemes, and the sovereign injury they incur through the federal overreach in the Final Rule, merits further consideration. Id. at 4. However, these broad and vague assertions do not outweigh the ATF's interest in law enforcement and public safety. And even if these vague assertions were assumed to trump the ATF's interest in public safety, the interest is, again, far outweighed by the absence of likelihood of success on the merits.

To bolster their argument as to irreparable harm, the Plaintiffs submitted evidence of Google searches concerning a non-party manufacturer of AR-15 receivers having fewer products for sale on its website following the Final Rule going into effect. Id. at 3. Curiously, though, the manufacturer at issue is not a party to this litigation, and the Court is not inclined to rely on Google search results in assessing irreparable harm. Even if the Court assumes *arguendo* that the Google search results constitute irreparable harm, it is once again outweighed by the absence of likelihood of success on the merits.

Finally, the Plaintiffs cite VanDerStok v. Garland, in support of their argument that irreparable harm exists and an injunction pending appeal is necessary. No. 4:22-CV-00691-O, 2022 WL 4009048 (N.D. Tex. Sept. 2, 2022). In VanDerStok, various Plaintiffs sought a nationwide preliminary injunction enjoining the Final Rule. Id. at *2. The United States District Court for the Northern District of Texas granted a narrow preliminary injunction preventing

enforcement of the Final Rule against one plaintiff. Id. at *10-11. That court's reasoning in finding irreparable harm was evidence that the Final Rule had caused Tactical Machining substantial and unrecoverable financial injury. Id. at *9.  No irreparable harm was established as to the remaining Plaintiffs. Id. at 10.  Here, unlike in VanDerStok, the Court has not been presented with similar evidence of concrete and substantial financial injury. Nevertheless, even if the Court had received any evidence of certain and substantial financial injury, that injury must be weighed against the likelihood of success on the merits.  And on this factor, this Court stands by its prior analysis and is not persuaded by the merits analysis in VanDerStok.

For the reasons provided above, the four factors do not weigh in favor of granting an injunction pending appeal pursuant to Federal Rule of Civil Procedure 62(d).  Accordingly, the Plaintiffs' motion for injunction pending appeal (Doc. No. 89) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 27th day of September, 2022.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court