IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| MOREHOUSE ENTERPRISES LLC d/b/a<br>BRIDGE CITY ORDNANCE *et al.*,<br><br>     Plaintiffs,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES *et al.*,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. 3:22-cv-00116-PDW-ARS |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
UNOPPOSED MOTION TO STAY PROCEEDINGS**

**INTRODUCTION**

Defendants respectfully move to stay proceedings in this case in light of the recently-filed petition for certiorari in *Garland v. VanDerStok*, No. 23-852 (S. Ct.), a case involving an Administrative Procedure Act challenge to the same Rule challenged here. If the Supreme Court grants certiorari, then its disposition of the case will decide questions of law that will have a controlling (or, at the very least, significant) effect on the claims raised in this case. And if the Supreme Court denies certiorari, then this case will at most have been stayed for a few months. To move forward in light of the pending certiorari petition would unnecessarily duplicate proceedings, threaten to create inconsistent rulings, and place unnecessary burdens on both the parties and this Court. Accordingly, Defendants respectfully request that further proceedings in this case be stayed pending the final disposition of the certiorari petition in *VanDerStok*. Plaintiffs do not oppose the relief sought in this motion.

**BACKGROUND**

On April 26, 2022, in response to evolving technical advances in firearms technology, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) promulgated a final rule updating decades-old definitions within its longstanding regulations of federal firearms laws. Definition of

1

"Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24652 (April 26, 2022) (codified at 27 C.F.R. pts. 447, 478, and 479). At bottom, this Rule amends the definitions of certain terms in ATF's regulations—including the definition of a firearm "frame or receiver," which is a firearm's primary structural component—and also amends related ATF regulations on firearm markings and recordkeeping. *See id.*

On July 5, 2022, Plaintiffs—a firearms owner, a licensed firearms dealer, two organizations, and 17 States—initiated this action challenging the Rule. *See* Compl., ECF No. 1; Am. Compl., ECF No. 22. This action challenges the Rule under the Administrative Procedure Act, 5 U.S.C. 551 *et seq.* (APA), as contrary to statutory authority, arbitrary and capricious, and contrary to law. *See* Compl. ¶¶ 619-698. The Court denied Plaintiffs' motion for a preliminary injunction in a written decision on August 23, 2022. Order Denying Mot. for Prelim. Inj., ECF No. 85. Plaintiffs appealed the Court's decision to the Eighth Circuit, ECF No. 86. On September 23, 2022, Plaintiffs filed an unopposed motion to stay proceedings in this Court pending the resolution of their interlocutory appeal of this Court's decision. ECF No. 100. The Eighth Circuit affirmed this Court's decision, No. 22-2812, 2023 WL 7205512 (Nov. 2, 2023), and the Court lifted the stay in a minute order dated January 31, 2024.

While this case was pending, another set of plaintiffs—two firearms owners, a licensed firearms dealer, and an organization—initiated another action challenging the Rule in the Northern District of Texas. Compl., *VanDerStok v. Garland*, No. 4:22-cv-691 (N.D. Tex.), ECF No. 1.[1] Like the present case, the plaintiffs in *VanDerStok* challenged the Rule under the APA as contrary to statutory authority, arbitrary and capricious, and contrary to law. *See id.* ¶¶ 96-157. In June 2023, the *VanDerStok* district court entered summary judgment for the plaintiffs, finding that ATF had acted in excess of its statutory authority, and vacated the Rule. *VanDerStok v. Garland*, __ F. Supp. 3d __, 2023

---

[1] Five other entities that manufacture or distribute products that may be regulated by the Rule later intervened as plaintiffs in *VanDerStok*.

WL 4539591 (June 30, 2023). However, the Supreme Court has stayed the district court's vacatur pending appellate and certiorari review. *Garland v. Vanderstok*, 144 S. Ct. 44 (2023).[2] The Fifth Circuit affirmed the district court's decision and remanded for further consideration of the appropriate remedy. *VanDerStok v. Garland*, 86 F.4th 179 (5th Cir. 2023).

On February 7, 2024, the defendants in *VanDerStok* filed a petition for a writ of certiorari to the Supreme Court. Petition for Writ of Certiorari, *Garland v. VanDerStok*, No. 23-852 (Ex. 1).

**ARGUMENT**

**I.    This Court Has Broad Discretion to Stay Proceedings.**

"A district court has broad discretion to stay proceedings when appropriate to control its docket, conserve judicial resources, and ensure the matter is handled with economy of time and effort for itself, counsel, and litigants." *Johnson v. N. Dakota Guar. & Title Co.*, No. 1:17-cv-120, 2018 WL 6706672, at *2 (D.N.D. Dec. 20, 2018) (quoting *Ass'n of Equip. Mfrs. v. Burgum*, No. 1:17-cv-151, 2018 WL 1773 145, at *1 (D.N.D. March 5, 2018)). "Factors for the court's consideration include but are not limited to the conservation of judicial resources, whether the stay would unduly prejudice or give a clear tactical advantage to one party, and whether a stay will simplify the issues in question and the trial of the case." *Id.* A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Such stays may be granted, *inter alia*, where an issue pending before the Supreme Court may facilitate resolution of the issues. *See, e.g., Tax Analysts and Advocates v. IRS*, 405 F. Supp. 1065, 1067-68 (D.D.C. 1975) (stay of proceedings warranted because federal government's pending certiorari

---

[2] The Supreme Court's entry of a stay demonstrates "a reasonable probability" that the Supreme Court "would eventually grant review and a fair prospect that [it] would reverse." *Merrill v. Milligan*, 142 S. Ct. 879, 880 (2022) (Kavanaugh, J., concurring) (citing *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam)).

3

petition could result in binding D.C. Circuit case being effectively overruled thus obviating need for time consuming and expensive compliance by government); *Cal. Ass'n of Health Facilities v. Maxwell-Jolly*, No. 10-cv-3259, 2010 WL 2612694, at *2 (C.D. Cal. June 24, 2010) (granting stay pending Supreme Court's decision on petition for certiorari, because plaintiffs were challenging the same policy at issue in the case pending before the Supreme Court); *Felix v. United States*, No. 91-0946, 1992 WL 361745 at *1 (N.D. Cal. April 29, 1992) (stay of proceedings granted to allow government opportunity to consider seeking Supreme Court review of court of appeals' decision).

## II. A Stay Will Significantly Enhance the Efficient Adjudication Of This Matter.

Applying the relevant standard above, the Court should stay proceedings in this case pending the resolution of the certiorari petition in *VanDerStok*. A stay would "conserve judicial resources." *Johnson*, 2018 WL 6706672, at *2. A Supreme Court ruling on the merits will significantly affect future proceedings in this case—as both *VanDerStok* and this case present facial challenges to the Rule under the APA—and both cases involve claims that the Rule exceeds statutory authority, is arbitrary and capricious, and is contrary to law. The Supreme Court's resolution of the claims in *VanDerStok* will likely control, or at least provide significant guidance on, Plaintiffs' claims, thus "simplify[ing] the issues in question" in this case. *Id.*

In addition, moving forward now—despite the uncertainty inherent in not awaiting the resolution of the *VanDerStok* petition—would create a "risk of inconsistent rulings that the appellate courts [or this Court] might then need to disentangle." *Hawaii v. Trump*, 233 F. Supp. 3d 850, 856 (D. Haw. 2017). For example, a future Supreme Court ruling could "change[] the applicable law," *id.*, such that any intervening rulings by this Court would be nullified or would need to be made anew. Even if the parties were to file merits briefs now and the Court were to decide them, all of it could be for naught—if the Supreme Court freshly articulates the governing legal framework for these cases, this

Court (or an appellate court) would then have to go back and reanalyze everything to ensure those prior decisions are consistent with the Supreme Court's decision.

Finally, regardless of the outcome of the petition for a writ of certiorari, a stay would not "unduly prejudice or give a clear tactical advantage to one party." *Johnson*, 2018 WL 6706672, at *2. Neither party would obtain a tactical advantage because this Court could continue to resolve Plaintiffs' claims following the expiration of any stay. And in the unlikely event that the Supreme Court were to deny certiorari, the passage of a few months will not prejudice Plaintiffs. This lack of prejudice is clearly demonstrated by Plaintiffs' non-opposition to the present motion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay proceedings pending the resolution of the petition for certiorari in *Garland v. VanDerStok*, No. 23-852 (S. Ct).

Dated:  February 9, 2024	Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Director, Federal Programs Branch

*/s/ Daniel Riess*
DANIEL RIESS
JEREMY S.B. NEWMAN
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-3098
Email:  Daniel.Riess@usdoj.gov
*Attorneys for Defendants*